■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES L. CHAMBERS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 6, 1972, convicting him of murder, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The defendant was convicted of the murder of one Donald Perl, who was shot as he was assisting the defendant's sister in her efforts to leave her paramour, Watson Nesbit. Defendant's sister was also shot and it was the theory of the defense that Nesbit had committed the crimes. The prosecution's case, although legally sufficient, was not overwhelming and was largely dependent upon admissions which the defendant, age 16 at the time of the shooting, had made to his former girlfriend and to members of her family. Reversal is mandated because the defendant was denied a fair trial. In instructing the jury, the trial court unduly emphasized the prosecution's theory of the case, without any significant reference to the evidence adduced on behalf of the defendant. Although a court need not catalogue all of the evidence introduced and is under no obligation to marshal the evidence except as required to relate it to the applicable law (CPL 300.10), to the extent that a court does refer to the evidence, such reference must be done in an even-handed manner (*People v Bell*, 38 NY2d 116, 120). Particularly flagrant examples are the court's charge on the issues of flight, motive and the evaluation of the credibility of witnesses. In this latter instruction the court referred only to the defendant, noting that he had been convicted of a robbery with sexual overtones, without any reference to the suspect credibility of some of the prosecution witnesses. Also improper was the court's lengthy explanation that the defendant could have subpoenaed police records and officers for the purpose of preparing the case. Such an instruction was largely unnecessary and tended to distract the jury from the important issues, as well as suggest that the defendant had some burden of coming forward. Although the defendant's other arguments on appeal are insubstantial, the prejudicial effect of the court's charge requires that the defendant be granted a new trial. Hopkins, J. P., Mangano, Rabin and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CUNNINGHAM, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 1, 1978, upon resentence, convicting him of grand larceny in the third degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant stole a billfold from a shoulder bag being worn by a decoy policeman. At the time of the larceny, the policeman was sitting on a step on a stairway leading to a subway station with his right shoulder against the wall, and with the strap of the shoulder bag around his left shoulder. The shoulder bag from which defendant removed the billfold was "more or less hanging" on the officer's back. We hold that under these facts, the billfold was stolen "from the person" of the officer, so as to constitute grand larceny pursuant to subdivision 5 of section 155.30 of the Penal Law. Since there was no view of the evidence which would support a finding that defendant committed petit larceny but not grand larceny, the court acted properly in refusing to charge the jury as to petit larceny (see CPL 300.50, subd 1; *People v Shuman*, 37 NY2d 302). We have considered the other contentions raised by defendant and have found them to be without merit. Mangano, J. P., Rabin, Gulotta and Margett, JJ., concur.