*788
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant has been convicted of murder in the second degree in connection with the death of Roberta Fort.
 
 *
 
 His main contentions are that the evidence adduced at trial, which was entirely circumstantial, was insufficient to establish his guilt, and that the destruction of a pubic hair found near the victim’s body prior to trial deprived him of a fair trial.
 

 The evidence at trial established that the defendant lived in the apartment building in which the victim was found murdered, that the defendant was in the habit of walking barefoot on the building’s roof, that a pubic hair found near the victim’s body was microscopically indistinguishable in 22 particulars from samples taken from the defendant, that the defendant’s footprint measures in 32 particulars to within five millimeters of a footprint found in undisturbed plaster powder which covered the apartment where the body was discovered, that the defendant left his fingerprint on the right roof door just four feet from where running, bare footprints disappeared on their way to the door, that the defendant knew that the victim’s hands had been tied with her bra, a fact that was not publicly known and which the prosecution claimed could be learned only by approaching the body and tilting it, and that the defendant knew that stains outside his doorway were human blood when tests showed that the blood was the victim’s type rather than the defendant’s.
 

 Viewing the evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference, as we must
 
 (see, e.g., People v Castillo,
 
 47 NY2d 270, 277;
 
 People v Benzinger,
 
 36 NY2d 29, 32), we conclude that the jury’s verdict was sufficiently supported
 
 (see, People v Levine,
 
 65 NY2d 845;
 
 People v Giuliano,
 
 65 NY2d 766;
 
 People v Marin,
 
 65 NY2d 741).
 

 We also reject defendant’s claim that the F.B.I.’s destruction of the pubic hair found near the victim’s body deprived him of a fair trial. The pubic hair was available for examination prior to the defendant’s entry of his initial guilty plea, but was destroyed by the F.B.I. sometime thereafter in the
 
 *789
 
 good-faith belief that it was no longer necessary to preserve it as evidence.
 

 After a hearing, Criminal Term found, as a fact, that, at the time defendant had originally pleaded guilty, defense counsel had made a "specific trial decision” that there was no need to conduct such an examination, and that preclusion of all evidence concerning the pubic hair comparisons was not necessary to insure a fair trial. In reaching this determination, the court reasoned that the question of guilt or innocence did not turn on this evidence alone, that only the inculpatory aspects of the evidence had been lost, and that the exculpatory factors of the evidence remained available for use at trial. Indeed, defendant could have called an available expert to describe the subjective and equivocal nature of the comparison process and its pitfalls and dangers. He failed to do so. At trial, the defendant was given wide latitude in cross-examining the People’s expert, and the court properly instructed the jury to weigh that evidence in light of defendant’s inability to present contrary expert testimony. In these circumstances, we conclude that Criminal Term’s determination struck the appropriate balance of eliminating prejudice to defendant while, at the same time, protecting the interests of society
 
 (People v Kelly,
 
 62 NY2d 516).
 

 The remaining claims are similarly without merit. The receipt of the expert photometric testimony, limited to measurements of the footprints, was not an abuse of discretion
 
 (see, People v Cronin,
 
 60 NY2d 430, 433). Nor was admission of the tape recording of the first two hours of defendant’s conversations with a police detective barred by the Appellate Division’s prior determination concerning defendant’s admissions on two other tapes. As the Appellate Division found on the first appeal, defendant was informed of his rights and there was no coercive behavior with respect to the statements made on that first tape.
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
 

 Order affirmed in a memorandum.
 

 *
 

 A prior judgment of conviction, entered upon a plea of guilty, was reversed by the Appellate Division, which found that a confession made by the defendant should have been suppressed as involuntary
 
 (People v Bay,
 
 76 AD2d 592,
 
 appeal dismissed
 
 54 NY2d 808).