■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES EVANS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered June 19, 1985, convicting him of grand larceny in the third degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the circumstantial evidence adduced at the trial overwhelmingly established his guilt of the crimes charged and excluded to a moral certainty every reasonable hypothesis of innocence *(see, People v Capella,* 111 AD2d 179). The evidence shows that the complainant had ample opportunity to view the defendant during the 10- to 20-minute period that she waited in line in a store to purchase a sandwich. After purchasing her sandwich, she placed her purse in her coat pocket. Thereafter, the defendant "bumped" into her and ran out of the store. The complainant immediately checked her pocket, discovered that her purse was missing and told a security guard what had occurred. After she described and pointed to the defendant, who was fleeing down the street, the security guard radioed other security guards in the vicinity and undertook a chase. Without losing sight of the defendant, the guard caught up with him about two blocks away, where he had been apprehended by the other guards. Within approximately 20 minutes of the incident, the complainant made an on-the-scene identification of the defendant. She also identified a wad of money which

had been recovered from the defendant; the money was rolled up in the same manner as she had placed it in her purse. She subsequently identified her purse, which had been recovered from under the rear seat of the patrol car where the defendant sat while he was being transported to the precinct.

We find no reason to disturb the jury's resolution of the identification issue (see, People v Tugwell, 114 AD2d 869, lv dismissed 67 NY2d 891). Nor do we find it necessary to disturb its verdict convicting the defendant of both crimes with which he was charged on the ground that all the elements of these crimes had not been established. The circumstantial evidence was sufficient to show that the complainant's property had been taken from her person within the meaning of Penal Law § 155.30 (5) (cf., People v Cunningham, 73 AD2d 976; People v Davis, 71 AD2d 607). The evidence was also sufficient to establish that defendant knowingly possessed property which he had stolen from the complainant. In addition, upon the exercise of our factual review power we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant further contends that the trial court's Sandoval ruling constituted reversible error. In view of the overwhelming evidence of the defendant's guilt, we find that any error in the Sandoval ruling was harmless (see, People v Crimmins, 36 NY2d 230, 237; People v Scott, 118 AD2d 881, lv denied 67 NY2d 1056).

We have considered the defendant's remaining contention with respect to the trial court's refusal to give a missing witness charge and find it to be without merit (see, People v Rodriguez, 38 NY2d 95, 98-99; People v Brown, 34 NY2d 658). Bracken, J. P., Rubin, Eiber and Spatt, JJ., concur.