THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRESTON JONES, Appellant.—Judgment, Supreme Court, New York County (Alfred Kleiman, J.), rendered January 4, 1989, convicting defendant, after a jury trial, of grand larceny in the fourth degree and sentencing him to an indeterminate term of imprisonment of from 2 to 4 years, and judgment of the same court (Leon Becker, J.), rendered January 5, 1989, convicting defendant, upon his plea of guilty, of grand larceny in the fourth degree and sentencing him to an indeterminate term of imprisonment of from 2 to 4 years, to run concurrently with the sentence imposed in the judgment rendered on January 4, 1989, are unanimously affirmed.

The evidence was legally sufficient and the guilty verdict was not against the weight of the evidence. The complainant felt his keys being pulled from his pocket, immediately turned around, saw a very tall man in a distinctive olive green shirt running away, saw the man drop the keys, and did not take his eyes off him for more than a second until he caught up with him in a subway station almost at the exact moment

when the man, defendant herein, was arrested by a police officer who joined the chase upon observing the commotion it created. The complainant's friend also saw defendant as he took the keys and, though he momentarily lost sight of him during the approximately 30-second chase, identified him as the thief when he caught up with defendant, the complainant and the police officer.

Defendant also claims that he was deprived of a fair trial by the testimony of the arresting officer as to the out-of-court description of defendant given by the complainant's friend during the case, and the out-of-court identification of defendant made by the complainant immediately upon the arrest. However, in light of the strength of the in-court identification testimony, any error in admitting this testimony was harmless *(People v Mobley, 56 NY2d 584)*.

With respect to the judgment rendered on January 5, 1989, defendant argues that this court should vacate his guilty plea since it was induced by the understanding that the sentence would be concurrent with the sentence imposed for his conviction following trial in the other case. The argument presupposes a reversal of the trial conviction, and necessarily fails in the event of an affirmance. Concur—Ross, J. P., Asch, Kassal and Wallach, JJ.