■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS SERVELLON, Appellant.—Judgment, Supreme Court, New York County (Howard Bell, J.), rendered June 20, 1989, convicting defendant, after jury trial, of criminal possession of stolen property in the fourth degree and unauthorized use of a vehicle in the third degree and sentencing him to concurrent terms of 1½ to 3 years and six months, respectively, unanimously affirmed.

Defendant was arrested when police officers, performing random computer checks on automobiles, observed defendant, during the early morning hours of November 13, 1988, driving a 1975 Datsun that had been reported stolen the day before.

Defendant's claim on appeal that rebuttal testimony permitted by the Trial Judge was improper as based upon a collateral matter is without merit, as the issue of how defendant came into possession of the automobile in question is material to the charges, and the defendant's inconsistent versions of those circumstances rendered rebuttal on the issue proper. *(See, People v Harris,* 57 NY2d 335, *cert denied* 460 US 1047; *People v Beavers,* 127 AD2d 138.)

Defendant's claim that the trial court erred in not granting an adverse inference charge regarding the loss of keys, conceded by both sides to have been found hanging from the damaged ignition of the automobile in question, likewise is without merit. Evidence at trial indicated that the keys were not an essential element of the case. The People did not act wrongfully in failing to preserve the keys. Defendant had a full opportunity to cross-examine the People's witnesses regarding the keys, and none of the testimony suggested that production of the keys would provide exculpatory evidence. Any sanction that might be imposed for the People's failure to preserve evidence is subject to the trial court's discretion *(see, People v Bay,* 67 NY2d 787), and this court finds no abuse of

discretion by the trial court in denying the requested adverse inference charge.

We have reviewed defendant's contentions on appeal that during summation the prosecutor improperly vouched for the People's witnesses and attempted to shift the burden of proof, and find them to be without merit.

Further, under the circumstance here, the improper comments by the prosecutor were either cured by the creative instruction of the court or, in view of the overwhelming evidence, were harmless. Concur—Murphy, P. J., Milonas, Ross, Asch and Rubin, JJ.