■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD SUMTER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered July 10, 1989, convicting him of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of grand larceny in the fourth degree beyond a reasonable doubt. The evidence showed that while the complainant was in the library at her school, she was sitting in a carrel on a straight-

backed chair with no arms, and her bag was hanging on the back of the chair. When she felt the strap of her bag move and heard her keys jangling, she immediately turned around and saw the defendant walking away. On examining her bag, the complainant noticed that her wallet was missing. She immediately pointed the defendant out to a security guard, who chased and apprehended the defendant. During the chase, the security guard saw the defendant drop the complainant's wallet into a garbage can. Upon the defendant's arrest, money was found in his pants pocket in the exact amount and denominations that the complainant testified was missing from her wallet. Contrary to the defendant's specific contention, based on these facts, the jury could reasonably find, in relevant part, that there was a sufficient physical nexus between the complainant's body and her bag to establish that the wallet was taken from her person (see, Penal Law § 155.30 [5]; *People v Cunningham*, 73 AD2d 976; *see also, People v Jones*, 162 AD2d 151; *People v Evans*, 131 AD2d 502, 503). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant also contends that since this was a case based entirely on circumstantial evidence, the trial court erred by denying his request for a special jury charge on circumstantial evidence. However, we find that the trial court's denial of the defendant's charge request was harmless error (see, *People v Borazzo*, 137 AD2d 96). The circumstantial evidence adduced at trial overwhelmingly established the defendant's guilt of the crimes charged and excluded to a moral certainty every reasonable hypothesis of innocence (see, *People v Evans, supra*, at 502-503). Kooper, J. P., Sullivan, Lawrence and Ritter, JJ., concur.