THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH LULENSKI, Appellant. [598 NYS2d 289] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered June 12, 1991, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find no merit to the defendant's contention that the People violated the principles set forth in *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866) because of their delay in providing him with two laboratory reports of tests conducted on the knife used in the robbery. The prosecutor provided defense counsel with the laboratory reports prior to jury selection such that there was no *Rosario* violation *(see,* CPL 240.45).

Further, the defendant's argument that he was deprived of a fair trial by the People's "willful destruction of evidence"

must be rejected. The defendant's argument is based on the fact that laboratory tests conducted by the People on the knife used in the robbery consumed the entire blood sample taken from the knife such that he was foreclosed from performing a comparison test with the victim's blood. Under the circumstances of this case, we find that the trial court properly denied the defendant's request to dismiss the criminal charges, or, in the alternative, for the imposition of sanctions on this ground.

It is well settled that the loss or destruction of evidence prior to trial does not necessarily require dismissal of the criminal charge (see, People v Haupt, 71 NY2d 929; People v Bay, 67 NY2d 787; People v Kelly, 62 NY2d 516). Where, as here, the defendant argues that the loss of evidence constitutes reversible error, a court must consider a number of other factors including the proof available at trial, the significance of the missing evidence, and whether the loss was intentional or inadvertent (see, People v Haupt, supra; People v Kelly, supra; People v White, 178 AD2d 674). Further, the choice of an appropriate sanction is left to the discretion of the trial court (see, People v Bay, supra; People v Kelly, supra).

In this case, the trial court properly found that there was other evidence that the victim was stabbed by the defendant, that it was the defendant who moved the knife into evidence, and that defense counsel had sufficient latitude to present to the jury whatever arguments he wanted to make with respect to the issue of the blood stain. Further, there is no evidence of bad faith on the part of the prosecutor. Notably, defense counsel, aware that this case involved a robbery at knifepoint and that a knife had been recovered by the police, never moved to inspect the knife. Further, we note that defense counsel rejected the trial court's offer of an adjournment to review the laboratory reports detailing the analysis performed on the knife. Lastly, given the overwhelming evidence presented by the People, including the eyewitness testimony of the victim and the defendant's apprehension immediately after the crime, there is no significant probability that the prosecutor's actions affected the outcome of the trial.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., O'Brien, Copertino and Joy, JJ., concur.