■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BRIAN, Also Known as KEVIN BRYAN, Appellant. [604 NYS2d 744] —Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Jackson, J.), rendered

November 1, 1989, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree (three counts) under Indictment No. 10137/87, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered November 1, 1989, revoking a sentence of probation previously imposed by the same court (Marano, J.), upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a weapon in the third degree under Indictment No. 2404/87.

Ordered that the judgment and amended judgment are affirmed.

Although the trial court should have delivered a charge on circumstantial evidence (see, People v Benzinger, 36 NY2d 29, 32), we find that such failure does not warrant reversal because the circumstantial evidence adduced at trial overwhelmingly established the defendant's guilt of the crimes charged and excluded to a moral certainty every reasonable hypothesis of innocence (see generally, People v Sumter, 173 AD2d 659; People v Borazzo, 137 AD2d 96).

We have considered the contentions raised by the defendant in his supplemental pro se brief and find that they are without merit or do not warrant reversal of the judgment of conviction. Thompson, J. P., Miller, Santucci and Joy, JJ., concur.