■ The People of the State of New York, Respondent, v Jesus Fuentes, Appellant. [737 NYS2d 106] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered July 30, 1998, convicting him of burglary in the first degree, rape in the first degree, sodomy in the first degree, criminal possession of stolen property in the third degree, and assault in the second degree (two counts), upon a jury verdict, and sentencing him to consecutive indeterminate terms of imprisonment of 12½ to 25 years on the conviction of burglary in the first degree, 12½ to 25 years on the conviction of rape in the first degree, 12½ to 25 years on the conviction of sodomy in the first degree, 2⅓ to 7 years on the conviction of criminal possession of stolen property in the third degree, and 3½ to 7 years on each count of assault in the second degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by making the sentences imposed on the convictions of assault in the second degree run concurrently with the sentences imposed on the convictions of bur-

glary in the first degree, rape in the first degree, and sodomy in the first degree; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that there is a valid line of reasoning and permissible inferences which could lead a rational trier of facts to conclude that the defendant was guilty of the crimes charged (*see, People v Williams,* 84 NY2d 925, 926; *People v Cabey,* 85 NY2d 417, 421; *People v Ruiz,* 211 AD2d 829). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]). The evidence established that on the night of September 2, 1996, the defendant broke into the complainant's house, taped her eyes, bound her hands, beat her, raped and sodomized her, and stole her jewelry as well as other valuables. Although the complainant never saw her attacker, the defendant's DNA was found on her bed sheets, and a pawn ticket for the complainant's jewelry was found underneath the defendant's mattress. The pawn shop owner testified that the defendant pawned the complainant's jewelry the day after the crime. It further emerged at trial that the complainant had been refusing to date the defendant.

The defendant contends that since all of the evidence in the case was circumstantial, the Supreme Court erred in denying his request for a circumstantial evidence charge. However, the denial of the circumstantial evidence charge was harmless (*see, People v Sumter,* 173 AD2d 659, 660). The circumstantial evidence adduced at trial overwhelmingly established the defendant's guilt of the crimes of which he was convicted and excluded to a moral certainty every hypothesis consistent with innocence (*see, People v Sumter, supra; People v Brian,* 84 NY2d 887, 889; *People v Rizzo,* 267 AD2d 1041, 1043).

The sentence imposed was excessive to the extent indicated herein.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Florio, J.P., McGinity, Smith and Crane, JJ., concur.