■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMALE WILLIAMS, Appellant. [844 NYS2d 821]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered February 1, 2005. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting him of two counts of grand larceny in the fourth degree (Penal Law § 155.30 [1], [5]) arising from thefts at two jewelry stores. Contrary to defendant's contention, the evidence is legally sufficient to support the conviction with respect to the second of the two jewelry stores (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). One of the owners of that store testified that she was holding a felt pad on which she had placed jewelry for defendant to view, believing that he was a potential customer. She further testified that she turned her head momentarily and, "when [she] looked back, [defendant] grabbed the stuff off the pad and ran out the door." Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that the jury could reasonably find that the jewelry was "taken from the person" of that store owner (Penal Law § 155.30 [5]; *see People v Haynes*, 91 NY2d 966 [1998]; *People v*

*Jones,* 162 AD2d 151, 151-152 [1990], *lv denied* 76 NY2d 859 [1990]).

Defendant further contends that the identification procedure was unduly suggestive because four of the six subjects in the photo array had darker skin tones than defendant. We reject that contention. The subjects depicted in the photo array were "sufficiently similar in appearance so that the viewer's attention [was] not drawn to any one photograph in such a way as to indicate that the police were urging a particular selection" (*People v Quinones,* 5 AD3d 1093, 1093 [2004], *lv denied* 3 NY3d 646 [2004]; *see People v Powell,* 26 AD3d 795 [2006], *lv denied* 7 NY3d 793 [2006]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Centra, Lunn, Fahey and Pine, JJ.