■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN A. WARR, Appellant. [882 NYS2d 769]—

McCarthy, J. Appeal from a judgment of the County Court of Broome County (Cawley, J.), rendered May 15, 2008, convicting defendant following a nonjury trial of the crime of grand larceny in the fourth degree.

Defendant was indicted on one count of grand larceny in the fourth degree stemming from allegations that he stole money from a cashier at a Broome County fast food restaurant. Following a nonjury trial, he was found guilty as charged. He now appeals. We affirm.

We reject defendant's contentions that his conviction is unsupported by legally sufficient evidence and that the verdict is against the weight of the evidence. The cashier testified that defendant gave her a $100 bill to pay for a food order that cost slightly over a dollar. As she was in the process of making the appropriate change, defendant first requested that it be given in $20 bills and then requested that it be given in $10 bills. She began to comply with this second request only to discover that her register did not contain enough $10 bills. He then requested $5 bills. A coworker sensed a problem and called for a manager. At this time, the cashier—armed with defendant's original $100 bill in one hand and the change that she had started to make in the other hand—told defendant that he would have to wait for the manager. Defendant then quickly took the money from both

hands and exited the restaurant. He ran to his car and drove out of the parking lot in such a fashion that sparks flew from his vehicle. In testifying on his own behalf, defendant claimed that he tricked the cashier into giving him the wrong change that day, a scam that he has perpetrated on countless occasions.

Viewing the trial evidence in the light most favorable to the People, it was legally sufficient to establish defendant's guilt of grand larceny in the fourth degree (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). In sum, the credible evidence established that defendant took money from the cashier that did not belong to him and hence stole property, regardless of its nature and value, from another (*see* Penal Law § 155.30 [5]; *People v Williams*, 45 AD3d 1413, 1413-1414 [2007], *lv denied* 9 NY3d 1040 [2008]; *People v Colon*, 24 AD3d 1114, 1115 [2005], *lv denied* 6 NY3d 811 [2006]; *People v Sumter*, 173 AD2d 659, 659-660 [1991], *lv denied* 78 NY2d 975 [1991]; *People v Stafford*, 173 AD2d 233, 234 [1991]; *People v Jones*, 162 AD2d 151, 151-152 [1990], *lv denied* 76 NY2d 859 [1990]; *see generally Matter of Nikkia C.*, 187 AD2d 581, 582 [1992]). Likewise, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see People v Sumter*, 173 AD2d at 660; *People v Jones*, 162 AD2d at 151-152; *see also* CPL 470.15 [5]).

Upon our review of the record, we are satisfied that defendant was afforded meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]). Moreover, his claim that the People failed to provide CPL 710.30 notice of the showup identification by the cashier is unpreserved for review (*see* CPL 470.05 [2]). His remaining contentions have been reviewed and found to be without merit.

Spain, J.P., Kane, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.