■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELTON GORHAM, Appellant. [900 NYS2d 141]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered May 22, 2008, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

"[W]here a court charges the next lesser included offense of the crime alleged in the indictment, but refuses to charge lesser degrees than that . . . the defendant's conviction of the crime alleged in the indictment forecloses a challenge to the court's refusal to charge the remote lesser included offenses" (*People v Green*, 5 NY3d 538, 545 [2005], quoting *People v Boettcher*, 69 NY2d 174, 180 [1987]). Thus, review of the defendant's challenge to the County Court's refusal to charge manslaughter in the second degree as a lesser-included offense of murder in the second degree is foreclosed by the jury verdict finding him guilty of murder in the second degree, the crime alleged in the indictment, and its implicit rejection of the lesser-included offense of manslaughter in the first degree (*see People v Green*, 5 NY3d at 545; *People v Johnson*, 87 NY2d 357, 361 [1996]; *People v Boettcher*, 69 NY2d at 180; *People v Beriguete*, 51 AD3d 939 [2008]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see* Penal Law § 125.25 [1]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-644 [2006]).

The defendant correctly contends that the People's evidence identifying him as the shooter was entirely circumstantial. While the witness was able to see the defendant alone in his car three minutes before the shooting at a different intersection, the witness's testimony was clear that, at the intersection where the shooting occurred, he looked up and saw the defendant's car, but could not see inside the car before he saw a flash, ducked, and heard gunfire. Thus, the County Court erred insofar as its charge to the jury suggested that whether or not the evidence was entirely circumstantial was a question of fact (*cf. People v Sanchez*, 61 NY2d 1022, 1023 [1984]). Contrary to

the defendant's contention, this error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Van Wallendael*, 259 AD2d 716, 717 [1999]; *cf. People v Brian*, 84 NY2d 887, 889 [1994]; *People v Fuentes*, 290 AD2d 563, 564 [2002]). The jury was otherwise properly instructed on circumstantial evidence (*cf. People v Sanchez*, 61 NY2d at 1024).

The County Court providently exercised its discretion in determining that an adverse inference charge was the appropriate sanction for the prosecution's release, without notice to the defendant, of the vehicle in which the victim was shot (*see generally People v Kelly*, 62 NY2d 516, 521 [1984]; *People v Conley*, 70 AD3d 961 [2010]; *People v Rice*, 39 AD3d 567, 568 [2007]; *People v Lulenski*, 193 AD2d 817, 818 [1993]). Notably, defense counsel already had inspected the vehicle, and the prosecution provided the defense with 57 photographs and a videotape of the subject vehicle, as well as hundreds of pages of documents detailing the crime laboratory's analysis of the vehicle.

Demonstrations and tests, when relevant to a contested issue, can "play a positive and helpful role in the ascertainment of truth" (*People v Acevedo*, 40 NY2d 701, 704 [1976]). The County Court properly concluded that the variation in circumstances between the demonstrative photographs and the manner in which the shooting occurred affected the weight of the evidence, but was not a basis for its exclusion (*see People v Mariner*, 147 AD2d 659, 660 [1989]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]). Mastro, J.P., Dickerson, Belen and Chambers, JJ., concur.