People v Yancy (2022 NY Slip Op 01939)





People v Yancy


2022 NY Slip Op 01939


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


1080 KA 18-02068

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAKIM YANCY, DEFENDANT-APPELLANT. 






KAMAN BERLOVE MARAFIOTI JACOBSTEIN & GOLDMAN, LLP, ROCHESTER (GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Sam L. Valleriani, J.), rendered October 12, 2017. The judgment convicted defendant, upon a jury verdict, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the second degree (Penal Law
§ 120.05 [3]), arising from an escalating encounter with a police officer during which defendant ultimately punched the officer multiple times. We affirm.
Contrary to defendant's contention, under the circumstances of this case, we conclude that County Court did not err in refusing to provide the jury with the expanded definition of the "lawful duty" element of Penal Law § 120.05 (3) that was requested by defendant (see generally CPL 300.10 [2]; People v J.L., 36 NY3d 112, 119 [2020]; People v Medina, 18 NY3d 98, 104 [2011]).
Defendant also contends that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence. We reject those contentions. "Viewing the evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference" (People v Bay, 67 NY2d 787, 788 [1986]), we conclude that the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Next, even assuming, arguendo, that an acquittal would not have been unreasonable (see People v Danielson, 9 NY3d 342, 348 [2007]), upon acting, in effect, as a second jury by independently reviewing the evidence in light of the elements of the crime as charged to the jury (see People v Kancharla, 23 NY3d 294, 302-303 [2014]; People v Delamota, 18 NY3d 107, 116-117 [2011]; Danielson, 9 NY3d at 348-349), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We have reviewed defendant's remaining contentions and conclude that they are without merit.
All concur except Carni, J., who is not participating.
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court