People v Torres (2024 NY Slip Op 03657)

People v Torres

2024 NY Slip Op 03657

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, BANNISTER, DELCONTE, AND HANNAH, JJ.

511 KA 20-00460

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LUIS A. TORRES, DEFENDANT-APPELLANT.

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Monroe County Court (Michael L. Dollinger, J.), rendered March 3, 2020. The judgment convicted defendant upon a jury verdict of aggravated criminal contempt and criminal contempt in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, aggravated criminal contempt (Penal Law § 215.52 [1]) arising from his violation of an order of protection in favor of the complainant. He contends that the conviction of aggravated criminal contempt is not supported by legally sufficient evidence that he caused physical injury to the complainant within the meaning of Penal Law § 10.00 (9). We reject that contention. Although the complainant did not testify, the trial evidence includes the testimony of other witnesses, photographs of the complainant, a 911 call, recorded jail calls, and footage from responding police officers' body worn cameras. "Viewing the evidence in the light most favorable to the People, and giving them the benefit of every reasonable inference" (People v Bay, 67 NY2d 787, 788 [1986]; see People v Delamota, 18 NY3d 107, 113 [2011]; People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a "valid line of reasoning and permissible inferences" that could lead rational persons to the conclusion that defendant caused the complainant's physical injury (People v Bleakley, 69 NY2d 490, 495 [1987]; see generally People v Chiddick, 8 NY3d 445, 447 [2007]). Furthermore, viewing the evidence in light of the elements of that crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject
defendant's contention that the verdict is contrary to the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court