■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL CORTEZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 1, 1977, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of robbery in the second degree under the second count of the indictment, dismissing that count and vacating the sentence imposed thereon. As so modified, judgment affirmed. The jury was instructed by the trial court to consider the first two counts of the indictment in the alternative. The jury failed to adhere to the court's instructions and rendered a verdict convicting the defendant of both counts. This failure requires a reversal of the defendant's conviction on the second count of the indictment and a dismissal of that count (see CPL 310.50, subd 3). We have considered the defendant's remaining contentions and find them to be without merit. Titone, J. P., Lazer, Gulotta and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMMA EDWARDS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County, rendered July 25, 1978, convicting her of conspiracy in the first degree, upon a plea of guilty, and sentencing her to an indeterminate term of imprisonment with a maximum of 15 years. Judgment modified, as a matter of discretion in the interest of justice, by reducing the maximum term of imprisonment to 10 years. As so modified, judgment affirmed. The sentence was excessive to the extent indicated herein. We have considered defendant's remaining contention and find it to be lacking in merit. Titone, J. P., Lazer, Gulotta and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v JESSE EVANS, Respondent-Appellant. — Appeal by the People from an order of the Supreme Court, Queens County, made April 26, 1979, which, upon defendant's motion to set aside a jury verdict convicting him of manslaughter in the second degree, reduced the conviction to one of criminally negligent homicide, and appeal by defendant from a judgment of the same court, rendered April 26, 1979, upon the verdict as reduced. Order and judgment reversed, on the law, defendant's motion is denied, the jury's verdict finding defendant guilty of manslaughter in the second degree is reinstated, and the case is remitted to Criminal Term for resentence. The evidence at trial was sufficient to support the jury's verdict adjudging defendant guilty of manslaughter in the second degree. We have reviewed defendant's assertions of error and find them to be without merit. Damiani, J. P., Gibbons, Rabin and Thompson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHIRLEY HALSEY, Appellant. — Appeal by defendant, as limited by her motion, from a resentence of the Supreme Court, Suffolk County, imposed February 19, 1980. Resentence affirmed. No opinion. Titone, J. P., Lazer, Mangano and Gibbons, JJ., concur.