■ In the Matter of DEPARTMENT OF SOCIAL SERVICES, on Behalf of VINCENZA L. M., Appellant, v HECTOR S., Respondent. — In a paternity proceeding, petitioner appeals from an order of the Family Court, Suffolk County, entered September 25, 1979, which, after a hearing, adjudged that respondent was not the father of the child and dismissed the petition. Order reversed, on the law and the facts, without costs or disbursements, it is determined that respondent is the father of the child, and the proceeding is remitted to the Family Court, Suffolk County, to fix support. At the hearing, petitioner testified that respondent was the only person with whom she had sexual intercourse during the period of time when conception had to have occurred. Petitioner also presented witnesses who testified as to the association between respondent and herself and as to her presence on several occasions in respondent's apartment. In view of such evidence, which was not disputed, it is evident that paternity was established by clear, convincing and entirely satisfactory proof. The Family Court, however, made a contrary determination solely because it found petitioner to be unworthy of belief. In the usual case, where a determination rests essentially on an assessment of credibility, the finding of the hearing Judge, sitting without a jury, is accorded great weight (see, e.g., *Matter of Susan W. v Amhad Q.*, 65 AD2d 594). That rule notwithstanding, we cannot agree that paternity was not established by the requisite degree of proof. As the Family Court itself noted, the fact that petitioner testified falsely as to whether she had an abortion in the past does not alone preclude acceptance of her proof. Moreover, any inconsistencies which may be gleaned from petitioner's testimony concerning her menstrual cycle are insignificant, as they do not provoke any doubt or question that the child was conceived as a result of sexual intercourse with respondent. Lazer, J.P., Gibbons and Gulotta, JJ., concur.

Cohalan, J., dissents and votes to affirm the order, on the ground that petitioner failed to establish paternity by clear, convincing and entirely satisfactory proof.

■ In the Matter of EMMA EDWARDS, Respondent, v NEW YORK STATE BOARD OF PAROLE, Appellant. — Appeal by the New York State Board of Parole from a judgment of the Supreme Court, Westchester County, dated December 3, 1979, which granted the petition to the "extent of affording petitioner another MPI [minimum period of imprisonment] hearing at which the [board] shall consider all pertinent criteria mandated by its guidelines and by the Executive Law." Judgment reversed, on the law, without costs or disbursements, and proceeding dismissed on the merits. Contrary to Special Term, we conclude that petitioner's MPI hearing was conducted in accordance with law. Petitioner's other contention which is properly before us is without merit. Petitioner's contention that the board improperly declined to afford her a new MPI hearing in light of the subsequent reduction of her sentence by this court (see *People v Edwards*, 79 AD2d 1033) is not properly before us on this appeal. Accordingly, we do not address the merits of that contention. Lazer, J.P., Margett, O'Connor and Thompson, JJ., concur.