■ PHILIP WATKINS et al., Respondents, v STATE OF NEW YORK, Appellant. (Appeal No. 20.) (Claim No. 57859.) — Order unanimously reversed, without costs, motion granted and claim dismissed, in accordance with same memorandum as in *Prave v State of New York* (Appeal No. 4) (92 AD2d 726). (Appeal from order of Court of Claims, Quigley, J. — dismiss claim, severance.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN ZAMBITO, Appellant. (Appeal No. 1.) — Judgment unanimously affirmed, Memorandum: In this one-witness identification case, the victim's testimony is not inherently incredible, hopelessly contradictory or irresponsible (cf. *People v Reed,* 40 NY2d 204; *People v Ledwon,* 153 NY 10). The victim was positive and unwavering in his identification of the defendant and, although his testimony may be suspect, the responsibility for determining his credibility rested with the jury (see *People v Arroyo,* 54 NY2d 567, 578; see, also, *People v Vance,* 89 AD2d 347, 351). More troublesome is the patently erroneous reasonable doubt charge in which the trial court explained that "Now, the prosecution of course does not have to prove his case beyond a reasonable doubt." This obvious misstatement was made only once during a charge that otherwise appropriately described the standard of proof and was proper. The error was apparently so innocuous in the context of the entire charge that it escaped the attention of trial counsel who did not object; if it had been objected to, the court undoubtedly would have corrected it. Under the circumstances the error is not of such magnitude as to warrant reversal in the interest of justice (see *United States v Rosa,* 493 F2d 1191, cert den 419 US 850; see, also, CPL 470.15, subd 6 par [a]). The remaining issues raised by the defendant have been examined and found to be without merit. (Appeal from judgment of Monroe County Court, Bergin, J. — attempted murder, second degree, and assault, first degree.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN ZAMBITO, Appellant. (Appeal No. 2.) — Order unanimously affirmed. Same memorandum as in *People v Zambito* (Appeal No. 1) (92 AD2d 729). (Appeal from order of Monroe County Court, Bergin, J. — CPL 440.10, vacate and set aside conviction.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Schnepp, JJ.

■ MIKE STOGANOVIC et al., Appellants, v PAT V. DINOLFO, Respondent. — Order unanimously affirmed, without costs. Memorandum: Plaintiffs, contract athletes who formerly played soccer for a now defunct team known as the Rochester Lancers which was owned by a corporation, Blue and Gold Ltd., commenced this action for unpaid wages under sections 198-a and 198-c of the Labor Law against defendant, the president of the corporation. Special Term granted the motion to dismiss the complaint for failure to state a cause of action. We agree. Article 6 of the Labor Law (§ 190 *et seq.*) provides the means by which employees may statutorily compel employers to pay wages and other benefits rightfully owing (see Labor Law, §§ 197, 198). Section 198-a, entitled "Criminal penalties", provides: "Every employer who does not pay the wages of all of his employees * * * and the officers and agents of any corporation who knowingly permit the corporation to violate this chapter * * * are guilty of a misdemeanor, and upon conviction therefor, shall be fined not less than one hundred nor more than ten thousand dollars or imprisoned for not more than one year" or both. Section 198-c of the Labor Law, dealing with the payment of benefits or wage supplements, is to the same effect. We agree with defendant that the complaint should be dismissed. We find nothing in section 198-a of the Labor Law, which provides only for penal sanctions against officers and agents of corporations, suggesting that the Legislature intended that the section