■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MURRAY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Sullivan, J.), rendered February 9, 1984, convicting him of reckless

endangerment in the first degree, criminal mischief in the fourth degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The trial court, in its *Sandoval* ruling, properly permitted the prosecutor to impeach the defendant's credibility with a prior conviction for homicide. The underlying facts of the prior conviction indicate that it was an act of calculated violence, evincing the defendant's willingness to place his own self-interest ahead of the interests of society *(see, People v Zada,* 82 AD2d 926). Additionally, the record indicates that the trial court weighed the probative value of the evidence of the other crime with the risk of unfair prejudice, and properly concluded that the defendant suffered no undue prejudice *(see, People v Pavao,* 59 NY2d 282; *People v Sandoval,* 34 NY2d 371). The defendant's alibi defense was presented to the jury through another witness even though the defendant chose not to take the stand. The defendant's testimony was not essential to the fact-finding process *(see, People v Zada, supra).*

We also conclude, after viewing the evidence in the light most favorable to the prosecution, that any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620).

Two letters allegedly written by the defendant to the victim were properly admitted into evidence. Circumstantial evidence may satisfy the requirement that a writing be authenticated before it may be introduced *(People v Dunbar Contr. Co.,* 215 NY 416). One of the letters referred to a prior telephone conversation between the victim and the defendant, and was therefore properly admitted. Additionally, both notes were signed by "Whitey", the nickname by which the defendant was known. Although the other note did not refer to any prior telephone conversations and could not be authenticated by the same circumstantial evidence, the note already admitted into evidence was a satisfactory standard with which the second note could be compared by the jury. It was for the jury to decide as lay persons whether the handwritings were the same, and what weight to give the two notes *(see, People v Hunter,* 34 NY2d 432).

We find the defendant's remaining contention to be without merit. Thompson, J. P., Rubin, Eiber and Spatt, JJ., concur.