■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MARANO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered May 28, 1986, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements.

Ordered that the judgment is affirmed.

On February 12, 1982, the defendant and two confederates murdered Anthony Aversa at his place of business in Brooklyn in return for a promise by the victim's nephew and business associate of a payment of $100,000.

On appeal, the defendant contends, *inter alia,* that a taped confession which he made to a friend, Doyle, who unbeknown to him was cooperating with the police, should be suppressed as obtained through deceit, and in violation of his due process rights at a time when he was represented by counsel on an unrelated matter. The defendant further complains that he was denied his right to a fair trial by certain remarks made by the prosecutor on summation, and that his sentence was excessive.

The defendant's contentions are without merit.

We note that when the defendant encountered his friend Doyle on the steps to the courthouse in Riverhead, he was not in custody, had not been charged with the instant crime, and

was not pressured by either threats or promises to make a statement to Doyle. Under the totality of the circumstances, therefore, the defendant's spontaneous confession to Doyle was entirely voluntary *(People v Leonard,* 59 AD2d 1), and the deception on the part of Doyle was not so fundamentally unfair as to deny the defendant due process *(People v Tarsia,* 50 NY2d 1).

Although the police were aware that the defendant was represented by counsel on an unrelated matter, the elicitation of an inculpatory statement under noncustodial circumstances involves no violation of the defendant's right to counsel *(People v Bertolo,* 65 NY2d 111). In addition, it has been held that a confession made to an accomplice is not suppressible, even though the defendant was represented by counsel at the time on an unrelated matter, where his right to counsel had not attached by the filing of formal charges against him *(People v Farruggia,* 61 NY2d 775; *People v Hauswirth,* 60 NY2d 904). The voluntary confession was therefore admissible.

None of the remarks made by the prosecutor during his summation complained of on this appeal was objected to by the defendant. Consequently, these claims are not preserved for appellate review *(see,* CPL 470.05 [2]). In any event, an examination of the record fails to support the defendant's contentions that numerous instances of prejudicial error during the prosecutor's summation deprived him of a fair trial *(see, People v Robinson,* 137 AD2d 564, *lv denied* 71 NY2d 1032). The prosecutor properly exercised his right to comment upon every pertinent matter of fact bearing upon the questions which were to be decided by the jury, while remaining within the four corners of the evidence *(see, People v Ashwal,* 39 NY2d 105; *People v Koleskor,* 131 AD2d 879, *lv denied* 70 NY2d 801).

Further, we find that the defendant's sentence was not excessive *(People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.