■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD FINCHER, Also Known as MICHAEL NORRIS, Also Known as NORRIS WILLIAMS, Appellant. [639 NYS2d 170] —Casey, J.

Acting undercover, an investigator for the State Police purchased a vial of cocaine from an individual. The investiga-

tor identified defendant as the seller of the drugs he had purchased for $15. This sale was the basis of defendant's conviction of one count of criminal sale of a controlled substance in the third degree.

The investigator based his identification of defendant as the seller on the fact that defendant was the tallest of the group of males milling about and he was wearing black clothes and "had a Michigan hat on". The investigator conceded on cross-examination that the $15 recovered from defendant after his arrest was not marked and that he could not identify this money as the same money the investigator gave to defendant. Another State Police officer accompanied the investigator but had no direct dealings with defendant and could not identify him. This officer did testify that the investigator approached his vehicle with a clear plastic vial containing a white powdered substance and stated that the transaction was completed. Other officers testified that they never lost sight of defendant from the time he was talking to the investigator until the identification was done. A police sergeant with the Binghamton Special Investigations Unit identified defendant in court, and also testified that defendant became belligerent with the officers who were attempting to identify him and that defendant's belligerence prompted his arrest immediately. Other officers also testified that they observed defendant engage in the transaction with the investigator. The jury convicted defendant and he was sentenced as a second felony offender to a 5 to 10-year term of imprisonment. Defendant appeals.

Initially, defendant claims that he was a victim of mistaken identification and his conviction should be reversed as against the weight of the evidence. Although there were some minor discrepancies as to defendant's height and the logo on his baseball cap, these minor inaccuracies do not support defendant's claim that his conviction is against the weight of the evidence. The jury had an opportunity to weigh the evidence which, from the record, clearly supports defendant's conviction as the seller of the controlled substance.

Based on defendant's contention that the seller was three inches taller and wore a Michigan State hat and not a Michigan hat, defendant next argues that his arrest without a warrant lacked probable cause due to the discrepancies in the description. The argument is meritless. The testimony of the officers who observed defendant engage in the transaction with the investigator clearly supplied the necessary probable cause. Exact precision is not required for probable cause (*see, People v Brnja*, 50 NY2d 366).

Finally, in view of defendant's prior record and his demonstrated general disrespect for authority and the seriousness of the crime of which he was convicted, we find no abuse of the discretion in the 5 to 10-year prison sentence that was imposed. We have examined defendant's *pro se* brief, which essentially recasts the arguments of his counsel, and find no reason to disturb defendant's conviction and sentence.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the judgment is affirmed.