■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSALINE MCHENRY, Appellant. [649 NYS2d 755] —Judgment unanimously affirmed. Memorandum: Defendant contends that County Court committed reversible error by denying her request for a circumstantial evidence charge. We disagree. A circumstantial evidence charge is not required where, as here, both direct and circumstantial evidence is presented to prove defendant's guilt (*see, People v Daddona*, 81 NY2d 990, 992; *People v Barnes*, 50 NY2d 375, 379-380). Defendant was charged in a Jefferson County indictment with grand larceny in the third degree, offering a false instrument for filing in the first degree (two counts), welfare fraud and misuse of food stamps. The indictment alleges that defendant failed to inform the Jefferson County Department of Social Services that the father of her two children was residing with her and to account for his income and therefore received approximately $14,000 in public assistance benefits to which she was not entitled. Direct evidence supporting those charges was submitted by the People through various documents completed by the father of the children listing the address of defendant as his address. Defendant completed the bottom of one of those documents, setting forth that she was the father's emergency contact person and that she had the same address and phone number as the father. Consequently, the court was not required to give a circumstantial evidence charge (*see, People v Daddona, supra*, at 992). In any event, any error is harmless because the circumstantial evidence adduced at trial overwhelmingly establishes defendant's guilt, excluding to a moral certainty every reasonable hypothesis of innocence, and there is no significant probability that the jury would have acquitted defendant if the charge had been given (*see, People v Brian*, 84 NY2d 887, 889; *People v Sumter*, 173 AD2d 659, 660, *lv denied* 78 NY2d 975).

We have reviewed defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of Jefferson County Court, Clary, J.—Grand Larceny, 3rd Degree.) Present—Pine, J. P., Lawton, Callahan, Doerr and Boehm, JJ.