■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS A. WEAVER, Appellant. [651 NYS2d 789] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: The contention that defendant was deprived of a fair trial by prosecutorial misconduct is not preserved for our review (*see*, CPL 470.05 [2]). Defendant also failed to preserve for our review his contention that the evidence is insufficient to establish that he knowingly entered a dwelling (*see*, Penal Law § 140.00 [3]; § 140.25 [2]) because he failed to make a motion to dismiss that was " 'specifically directed' " at that alleged error (*People v Gray*, 86 NY2d 10, 19; *see*, *People v Hryckewicz*, 221 AD2d 990, *lv denied* 88 NY2d 849). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

We reject defendant's contentions that the showup was impermissibly suggestive (*see*, *People v Duuvon*, 77 NY2d 541, 545; *People v Thomas*, 156 AD2d 959) and that the sentence imposed is unduly harsh or severe. Although County Court erred in denying defendant's request for a circumstantial evidence instruction with respect to the burglary charge, that error is harmless in light of the overwhelming evidence of defendant's guilt of that crime and there is no significant probability that defendant would have been acquitted but for the error (*see*, *People v Brian*, 84 NY2d 887, 889; *People v Sumter*, 173 AD2d 659, 660, *lv denied* 78 NY2d 975).

The judgment must be modified, however, because the jury violated the court's instruction by finding defendant guilty of all three counts charged in the indictment. The court had instructed the jury not to consider the third count, charging defendant with criminal possession of stolen property in the fifth degree, unless it found defendant not guilty of the crimes charged in the first two counts. The jury's failure to follow the court's instruction requires reversal of defendant's conviction of criminal possession of stolen property in the fifth degree (*see*, *People v Albino*, 104 AD2d 317, *affd* 65 NY2d 843; *People v Cortez*, 79 AD2d 1033). We modify the judgment, therefore, by reversing defendant's conviction of criminal possession of stolen property in the fifth degree under the third count of the indictment, vacating the sentence imposed thereon and

dismissing that count of the indictment. (Appeal from Judgment of Niagara County Court, Fricano, J.—Burglary, 2nd Degree.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.