■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WILLIAMS, Appellant. [662 NYS2d 672] —Judgment unanimously affirmed. Memorandum: County Court properly denied the motion to suppress an incriminating statement made by defendant to an FBI informant at the informant's home. When he made the statement, defendant "was not in custody, had not been charged with the instant crime, and was not pressured by

either threats or promises to make a statement to" the informant (*People v Marano*, 150 AD2d 611, 611-612, *lv denied* 74 NY2d 813). The informant's deception in failing to disclose that the conversation with defendant was being videotaped by the authorities was not "so fundamentally unfair as to deny due process" (*People v Tarsia*, 50 NY2d 1, 11; *see, People v Marano, supra*, at 612).

At trial, defendant did not contend that the statement was involuntarily made, but instead contended that he falsely implicated himself in the murder in order to impress the informant. "Because defendant failed, during the trial, to raise a factual dispute by adducing evidence or otherwise contending that the statement was involuntarily made, the trial court was not required to submit the issue to the jury" (*People v Conway*, 186 AD2d 1050, *lv denied* 81 NY2d 761).

The court properly denied defendant's request to redact portions of the videotape referring to unrelated crimes. Those portions were "inextricably interwoven" with the conversation relating to the murder, i.e., they were "explanatory of the acts done or words used in the otherwise admissible part of the evidence" (*People v Ventimiglia*, 52 NY2d 350, 361).

We have considered defendant's remaining contentions and conclude that they are lacking in merit. (Appeal from Judgment of Erie County Court, Rogowski, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Lawton, Wisner and Balio, JJ.