■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT PRESTON, Also Known as PAUL PIERCE, Appellant. [682 NYS2d 57] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered February 28, 1997, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that his conviction of robbery in the first degree is fatally inconsistent with his acquittal of criminal possession of stolen property in a previous trial under the same indictment. The jury in the first trial was charged that criminal possession of stolen property included as an essential element "the ability to exercise dominion or control over [the subject] property to the exclusion of any others having a greater right to such property". The exercise of dominion or control is not an element of the crime of robbery under the statute (*see,* Penal Law § 160.15), nor was it charged as an element of robbery at the first trial. Thus, a conviction of robbery in the first degree upon the retrial of that count would not be inconsistent with the first jury's conclusion that the defendant did not criminally possess the stolen property, and the retrial did not violate CPL 310.70 (*see, People v Warner,* 119 AD2d 841; *People v Smith,* 61 AD2d 91).

The court did not improvidently exercise its discretion in its *Sandoval* ruling (*see, People v Gray,* 84 NY2d 709; *People v Pavao,* 59 NY2d 282).

The defendant's claim that he was deprived of a fair trial by the admission of testimony of prior uncharged crimes or bad acts without a hearing pursuant to *People v Ventimiglia* (52 NY2d 350) is unpreserved for appellate review, inasmuch as the defendant failed to specifically object to the testimony and failed to request further relief after the court, *sua sponte,* took

ameliorative action (*see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858). In any event, the defendant's counsel opened the door to the challenged testimony by reason of the remarks he made in his opening statement (*see, People v Biondo,* 41 NY2d 483, *cert denied* 434 US 928; *People v Grama,* 124 AD2d 746).

The defendant's challenge to the propriety of the prosecutor's summation is similarly unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245) and, in any event, without merit (*see, People v Galloway,* 54 NY2d 396; *People v Sumpter,* 192 AD2d 628).

The defendant's sentence is neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80). Copertino, J. P., Sullivan, Pizzuto and Goldstein, JJ., concur.