THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY T. RIZZO, Appellant. [701 NYS2d 209] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the first degree (Penal Law § 155.42), grand larceny in the third degree (Penal Law § 155.35), attempted grand larceny in the second degree (Penal Law §§ 110.00, 155.40), scheme to defraud in the first degree (Penal Law § 190.65), and 10 counts of offering a false instrument for filing in the first degree (Penal Law § 175.35). The charges are based on allegations that de-

fendant submitted false bills for prescriptions to the New York State Elderly Pharmaceutical Insurance Coverage Program (EPIC) and the New York State Medical Assistance Program (Medicaid) in a total amount exceeding $1,000,000.

After a hearing Supreme Court concluded that defendant was competent to stand trial. Thereafter, shortly before trial, defendant moved for permission to file a late notice of intent to introduce psychiatric evidence to establish a defense of mental disease or defect (*see,* CPL 250.10). Although such a notice must be served no later than 30 days after the entry of a plea of not guilty, late notice may be filed in the interest of justice and for good cause shown (*see,* CPL 250.10 [2]). In order to establish good cause, a defendant must provide an explanation for the delay and demonstrate that the defense has merit (*see, People v Oakes,* 168 AD2d 893, 895, *lv denied* 78 NY2d 957). The notice must also provide enough information to enable the prosecution and the court to "discern the general nature of the alleged psychiatric malady and its relationship to a particular, proffered defense" (*People v Almonor,* 93 NY2d 571, 581). The notice provided by defendant failed to identify any alleged psychiatric malady and also failed to identify its relationship to a particular defense. Thus, the notice was insufficient, and the court did not abuse its discretion in denying defendant's motion (*see, People v Almonor, supra,* at 581).

We also conclude that the court properly admitted in evidence the unredacted audiotape of defendant's interview with an insurance investigator. The tape was admissible as evidence of defendant's intent and mental state at the time of the commission of the offenses (*see, People v Ingram,* 71 NY2d 474, 479; *see also, People v Alvino,* 71 NY2d 233, 241-243; *People v Bolarinwa,* 258 AD2d 827, *lv denied* 93 NY2d 1014), and the questions of the investigator were "so inextricably interwoven with the admissible evidence that [they were] necessary to understand the other parts of the [tape]" (*People v Adams,* 224 AD2d 703, 704, *lv denied* 88 NY2d 844; *see, People v Williams,* 242 AD2d 867, 868, *lv denied* 91 NY2d 899). In any event, any prejudice resulting from those questions was cured by the court's detailed instruction to the jury to disregard them.

By referring to the failure of defendant to request a fair hearing when he was terminated as an EPIC provider, the prosecutor improperly referred to defendant's pretrial silence in an ambiguous situation where an innocent explanation for silence may exist (*see, People v De George,* 73 NY2d 614, 618-619; *cf., People v Savage,* 50 NY2d 673, 679, *cert denied* 449 US 1016). The prosecutor also improperly referred to a defense

tactic as "sneaky". Those errors, however, are not so egregious as to require reversal (*see, People v Rubin*, 101 AD2d 71, 77, *lv denied* 63 NY2d 711; *see also, People v Galloway*, 54 NY2d 396, 401). We have reviewed defendant's remaining contentions concerning alleged prosecutorial misconduct and conclude that they are without merit.

The court provided the jury with a meaningful response to its request for a second reading of the charge on mental disease or defect (*see, People v Lourido*, 70 NY2d 428, 435). The court also properly refused to charge the jury on requested lesser included offenses because there was no "identifiable basis on which [the] jury might reasonably differentiate between segments of the proof and 'charging the lesser included offense[s] would force the jury "to resort to sheer speculation"'" (*People v Scarborough*, 49 NY2d 364, 371, quoting *People v Discala*, 45 NY2d 38, 43).

The court should have given a circumstantial evidence charge. There was no evidence directly linking defendant to the submission of the fraudulent bills. The statements of defendant were not direct admissions of guilt but statements from which guilt could be inferred. " '[A]n extrajudicial admission by a defendant, not amounting to a confession because not directly acknowledging guilt, but including inculpatory acts from which a jury may or may not infer guilt, is circumstantial, not direct evidence' " (*People v Burke*, 62 NY2d 860, 861, quoting *People v Bretagna*, 298 NY 323, 326, *cert denied* 336 US 919, *reh denied* 336 US 922). A statement that a person is responsible for the billing is not the same as a statement that the person submitted a particular bill to a particular agency. That error, however, is harmless. The evidence of guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see, People v Brian*, 84 NY2d 887, 889; *see also, People v Weaver*, 234 AD2d 904, *lv denied* 89 NY2d 1102).

Defendant's contention that the conviction is based on legally insufficient evidence is not preserved for our review (*see, People v Gray*, 86 NY2d 10, 19) and in any event lacks merit (*see, People v Bleakley*, 69 NY2d 490, 495). The verdict is not against the weight of the evidence (*see, People v Bleakley, supra,* at 495). (Appeal from Judgment of Supreme Court, Chautauqua County, Ward, J.—Grand Larceny, 1st Degree.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Balio, JJ.