■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID THOMAS, Appellant. [708 NYS2d 775] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of manslaughter in the first degree (Penal Law § 125.20 [1]) and sentencing him to an indeterminate term of incarceration of 12½ to 25 years. Defendant contends that the verdict is against the weight of the evidence and "not supported by credible evidence"; that Supreme Court erred in admitting in evidence letters allegedly written by defendant; that the court erred in admitting hearsay; that the court abdicated its duties in imposing sentence; that the court erred in instructing the jury concerning the "methodology of

deliberation and sufficiency of the justification defense"; that defendant was deprived of a fair trial by prosecutorial misconduct; that the court erred in admitting the 911 tape; that the court violated the *Molineux* rule in admitting proof of the seizure of drugs and a weapon during a search of defendant's residence; that the court should have suppressed defendant's statement to police as violative of the right to counsel; that the court should have suppressed identification testimony as the product of a suggestive photo array; and that the court's *Sandoval* ruling was erroneous.

The evidence against defendant, including the testimony of three eyewitnesses to the shooting and defendant's inculpatory statements, is legally sufficient to support the conviction (*see, People v Bleakley,* 69 NY2d 490, 495). Contrary to defendant's contention, the testimony of the three eyewitnesses is not incredible as a matter of law (*see, People v Zambito* [appeal No. 1], 92 AD2d 729; *People v Stroman,* 83 AD2d 370, 372-373; *cf., People v Reed,* 40 NY2d 204, 208-209; *People v Ledwon,* 153 NY 10, 21-22). Nor can it be said that the trier of fact failed to give the evidence the weight it should be accorded (*see, People v Bleakley, supra,* at 495). The ballistics evidence does not have the significance ascribed to it by defendant. The only proof that defendant shot a .25-caliber weapon and not a .22 is defendant's statement to police. In any event, evidence that a third gun was fired at the scene does not compel us to credit the testimony of a defense witness over that of the prosecution witnesses. Testimony showed that, in addition to the two fatal shootings, there was other gunfire at the scene.

A sufficient foundation was established for the admission in evidence of letters written by defendant. Authentication of writings may be accomplished by circumstantial evidence (*see,* Prince, Richardson on Evidence § 9-103, at 703-704 [Farrell 11th ed]; *People v Murray,* 122 AD2d 81, 82, *lv denied* 68 NY2d 916). The letters refer to the crime and the circumstances of the prosecution in terms that justify the inference that defendant wrote them (*see, People v Dunbar Contr. Co.,* 215 NY 416, 423). In any event, defendant's fingerprints are on the letters, and thus they may be attributed to defendant (*see, United States v Aguiar,* 975 F2d 45, 47; *see also, Matter of Moskowitz v Brown,* 186 AD2d 365, 366).

The court's instructions were not erroneous. Far from impermissibly prescribing a "blueprint of how the deliberation was to proceed", as defendant contends, the court advised the jurors that "there is no fixed procedure for you to follow during your deliberations." The court's charge on justification was

proper (*see,* 1 CJI[NY] 35.15 [1], at 860-861). Nor did the court err in admitting the 911 tape (*see, People v Buie,* 86 NY2d 501, 503). Defense counsel opened the door to evidence concerning the uncharged possession of drugs and a weapon (*see, People v Preston,* 255 AD2d 530, 530-531, *lv denied* 93 NY2d 976; *People v Wiggins,* 213 AD2d 965, 966; *People v Clark,* 94 AD2d 846, 848). There is no merit to defendant's contention that the photo identifications were unduly suggestive (*see, People v Wright,* 269 AD2d 829; *People v McKinnon,* 262 AD2d 995, 996, *lv denied* 93 NY2d 1004). In any event, the witnesses previously knew defendant, and thus the photo identifications were merely confirmatory in nature (*see, People v Wooley,* 249 AD2d 46, 49, *lv denied* 92 NY2d 863; *People v Lathrop,* 242 AD2d 876, *lv denied* 91 NY2d 894).

We have considered defendant's remaining contentions and conclude that they lack merit. (Appeal from Judgment of Supreme Court, Monroe County, Ark, J.—Manslaughter, 1st Degree.) Present—Pine, J. P., Hayes, Kehoe and Lawton, JJ.