■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDY FRANTZ JEAN-LOUIS, Also Known as JEAN FRANTZ, Appellant. [709 NYS2d 101] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered September 17, 1997, convicting him of murder in the

second degree (two counts), robbery in the first degree (two counts), robbery in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The letters allegedly written by the defendant to Kim Henderson, an accomplice, were properly admitted into evidence. Circumstantial evidence may satisfy the requirement that a writing be authenticated before it may be introduced (*see, People v Dunbar Contr. Co.,* 215 NY 416). At trial it was established that, in the letters, the defendant requested that Henderson plead the Fifth Amendment to prevent the District Attorney from obtaining a conviction against the defendant in the instant case. The letters also contained the defendant's nickname, "DD", and referred to another accomplice, Phil Johnson, by his nicknames "Cuzo" and "Ilflay". The letters were sent in response to letters Henderson had mailed to the defendant. The foregoing constituted ample evidence to authenticate the letters (*see, People v Murray,* 122 AD2d 81).

The defendant's contentions regarding the legal sufficiency of the evidence are largely unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Bachus,* 175 AD2d 248). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolutions of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied the the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Joy, J. P., Goldstein, H. Miller and Schmidt, JJ., concur.