THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLON B. LEE, Appellant. (Appeal No. 1.) [716 NYS2d 842] —Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of eight charges stemming from his repeated sexual abuse of two girls under the age of 11. He was convicted of course of sexual conduct against a child in the first and second degrees (Penal Law §§ 130.75, 130.80); rape in the first degree (Penal Law § 130.35 [3]); sodomy in the first degree (Penal Law § 130.50 [3]); two counts of sexual abuse in

the first degree (Penal Law § 130.65 [3]); and two counts of endangering the welfare of a child (Penal Law § 260.10). The combination of consecutive and concurrent determinate and indeterminate sentences imposed results in an aggregate determinate sentence of 28 years.

During the investigation of those crimes, defendant's estranged girlfriend agreed to cooperate with police and attempted to elicit incriminating statements from defendant during a tape-recorded telephone conversation. Defendant moved to suppress the statements as involuntary, contending that they were coerced through deception and false promises of reconciliation. We reject the contention of defendant that County Court erred in denying his suppression motion. It is well established that police "stratagems need not result in involuntariness without some showing that the deception was so fundamentally unfair as to deny due process [citations omitted] or that a promise or threat was made that could induce a false confession" (*People v Tarsia*, 50 NY2d 1, 11; *see, People v Tankleff*, 84 NY2d 992, 994). A confession to a friend who, "unbeknown to [defendant,] was cooperating with the police" does not render statements involuntary or the product of fundamentally unfair deception (*People v Marano*, 150 AD2d 611, *lv denied* 74 NY2d 813; *see, People v Williams*, 242 AD2d 867, 868, *lv denied* 91 NY2d 899). There is no basis in this record to disturb the hearing court's finding that the girlfriend made no promises of reconciliation but, rather, stated only that she could not consider reconciliation unless she knew the truth (*see, People v Prochilo*, 41 NY2d 759, 761). That statement did not "create[ ] a substantial risk that the defendant might falsely incriminate himself" (CPL 60.45 [2] [b] [i]; *see, People v Scott*, 212 AD2d 1047, *affd* 86 NY2d 864).

We further reject defendant's contention that the sentence is unduly harsh or severe. (Appeal from Judgment of Niagara County Court, Fricano, J.—Rape, 1st Degree.) Present—Pigott, Jr., P. J., Pine, Hayes, Wisner and Kehoe, JJ.