THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAWARA BRYANT, Appellant. [785 NYS2d 201]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered May 7, 2003. The judgment convicted defendant, upon a jury verdict, of arson in the second degree and reckless endangerment in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of arson in the second degree (Penal Law § 150.15) and reckless endangerment in the first degree (§ 120.25). County Court properly denied the motion of defendant to suppress a witness's identification of him (*see People v Furman*, 294 AD2d 848 [2002], *lv denied* 98 NY2d 696 [2002]). Following a *Rodriguez* hearing (*see People v Rodriguez*, 79 NY2d 445 [1992]), the court properly determined that, based on the prior relationship between the witness and defendant, there was no possibility that the witness could have misidentified defendant (*see People v Colon*, 307 AD2d 378, 379 [2003], *lv denied* 100 NY2d 619 [2003]; *People v Simmons*, 247 AD2d 494, 495 [1998], *lv denied* 91 NY2d 1013 [1998]). Because the court properly invoked the *Rodriguez* confirmatory identification exception, there is no need to determine whether the identification procedure at issue was unduly suggestive (*see People v Gonzalez*, 288 AD2d 921 [2001], *lv denied* 97 NY2d 754 [2002]; *People v Graham*, 283 AD2d 885, 887-888 [2001], *lv denied* 96 NY2d 940 [2001]). The court also properly denied the motion of defendant to suppress a gasoline can found in the backyard of his mother's house and the clothing obtained by the police during the warrantless arrest of defendant in a vehicle in the backyard of his grandmother's house. With respect to the gasoline can, defendant concedes that his mother consented to the search of her house, but he contends that her consent did not extend to her backyard. The evidence at the suppression hearing established that the gasoline can was found in plain view when the police secured the back door of her house, however,

and thus it was properly seized under the plain view doctrine (*see People v Johnson*, 277 AD2d 875 [2000], *lv denied* 96 NY2d 831 [2001]; *see generally People v Brown*, 96 NY2d 80, 89 [2001]). With respect to the clothing, the warrantless arrest was not improper because the police had probable cause to arrest defendant, and defendant did not have a legitimate expectation of privacy in the vehicle in which he was arrested (*see People v Williams*, 159 AD2d 743 [1990]). In any event, there were exigent circumstances justifying the search of each backyard (*see generally People v Love*, 84 NY2d 917, 918 [1994]; *People v Calloway*, 278 AD2d 874 [2000], *lv denied* 96 NY2d 757 [2001]).

Defendant further contends that the court erred in admitting in evidence a letter that he allegedly wrote to a close friend who was one of the residents of the building allegedly set on fire by defendant. "Authentication of writings may be accomplished by circumstantial evidence" (*People v Thomas*, 272 AD2d 892, 893 [2000], *lv denied* 95 NY2d 858 [2000]; *see People v Manganaro*, 218 NY 9, 13 [1916]). Here, the recipient of the letter testified that defendant addressed him by his nickname in the letter and that he recognized defendant's handwriting. In addition, defendant used his own nickname in signing the letter, there was a reference on the envelope to the recipient's upcoming birthday, and the contents of the letter refer to the crime and the circumstances surrounding it "in terms that justify the inference that defendant wrote [the letter]" (*Thomas*, 272 AD2d at 893). That evidence is sufficient to authenticate the letter, and the court properly admitted it in evidence (*see People v Jean-Louis*, 272 AD2d 626, 627 [2000], *lv denied* 95 NY2d 890 [2000]; *Thomas*, 272 AD2d at 893; *People v Murray*, 122 AD2d 81, 82 [1986], *lv denied* 68 NY2d 916 [1986]).

Contrary to the contention of defendant, the court properly denied his *Batson* challenge. Defendant failed to make out a prima facie case of purposeful discrimination with respect to the prosecutor's exercise of a peremptory challenge to a black prospective juror because he failed to articulate any facts or circumstances that would raise an inference that the prosecutor excused the prospective juror for an impermissible reason (*see People v Glenn*, 7 AD3d 314, 315 [2004]; *People v Henderson*, 305 AD2d 940, 940-941 [2003], *lv denied* 100 NY2d 582 [2003]; *see generally People v Smocum*, 99 NY2d 418, 421-422 [2003]). "Without more, the mere exercise of the peremptory challenge was insufficient to raise an inference of discrimination requiring the People to come forward with a race-neutral explanation" (*People v Colon*, 307 AD2d 378, 380 [2003], *lv denied* 100 NY2d 619 [2003]). The court also properly denied defendant's

request for a circumstantial evidence charge with respect to two counts of the indictment inasmuch as the letter allegedly written by defendant was direct evidence of his guilt (*see People v Rumble*, 45 NY2d 879, 880-881 [1978]; *cf. People v Sanchez*, 61 NY2d 1022, 1023 [1984]). "In any event, any error is harmless because the circumstantial evidence adduced at trial overwhelmingly establishes defendant's guilt, . . . and there is no significant probability that the jury would have acquitted defendant if the charge had been given" (*People v McHenry*, 233 AD2d 866, 866 [1996]; *see People v Rizzo*, 267 AD2d 1041, 1043 [1999], *lv denied* 95 NY2d 838 [2000]; *People v Weaver*, 234 AD2d 904 [1996], *lv denied* 89 NY2d 1102 [1997]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Kehoe, Gorski, Martoche and Hayes, JJ.