■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WELLMON MCCALLIE, Appellant. [829 NYS2d 355]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered March 21, 2005. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]). Because defendant failed to object to Supreme Court's ultimate *Sandoval* ruling, he failed to preserve for our review his contention that the ruling constitutes an abuse of discretion (*see People v McMillon*, 32 AD3d 1300 [2006], *lv denied* 7 NY3d 903 [2006]; *People v Trammell*, 28 AD3d 1219 [2006], *lv denied* 7 NY3d 795 [2006]). We reject the contention of defendant that the jury convicted him on the basis of his prior convictions. The court instructed the jury that it should not consider defendant's prior arrests and convictions except as a means of evaluating defendant's credibility, and the jury is presumed to have followed that instruction (*see People v Parker*, 227 AD2d 107, 108 [1996], *lv denied* 88 NY2d 940 [1996]). Defendant's contention that the conviction is not supported by legally sufficient evidence is not preserved for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]), and we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), notwithstanding minor discrepancies in the accounts of the People's witnesses (*see People v Fincher*, 225 AD2d 900, 901 [1996], *lv denied* 88 NY2d 984 [1996]). Viewing the evidence, the law, and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

We reject defendant's contention that the court violated *Crawford v Washington* (541 US 36 [2004]) when it admitted into evidence prior certificates of conviction and a certified fingerprint analysis during the CPL 400.16 hearing; those materials were admissible pursuant to CPL 60.60 (*see People v Williams*, 30 AD3d 980, 982-983 [2006], *lv denied* 7 NY3d 852 [2006]). We also reject defendant's contention that the court erred in failing to conduct an inquiry into the allegedly irreconcilable differences between defendant and defense counsel. The allegations of defendant did not establish a serious complaint concerning

his relationship with defense counsel and thus did not suggest a serious possibility of good cause for substitution of counsel (*see People v Randle* [appeal No. 2], 21 AD3d 1341 [2005], *lv denied* 6 NY3d 757 [2005]). Indeed, the record makes clear that the crux of the differences was that defendant insisted that he should not be charged with anything greater than petit larceny, thereafter accusing defense counsel of conspiracy when defense counsel was unable to persuade the People to adopt defendant's viewpoint (*see generally People v Johnson*, 292 AD2d 871, 871-872 [2002], *lv denied* 98 NY2d 652 [2002]). Present—Hurlbutt, J.P., Martoche, Centra, Fahey and Green, JJ.