■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM G. WHYTE, Appellant. [850 NYS2d 316]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered July 25, 2006. The judgment convicted defendant, upon a jury verdict, of criminal sexual act in the second degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal sexual act in the second degree (Penal Law § 130.45 [1]) and endangering the welfare of a child (§ 260.10 [1]). Contrary to the contention of defendant, County Court properly refused to suppress evidence allegedly obtained as a result of a violation of his physician-patient privilege. Indeed, "even if there was a violation of the physician-patient privilege, the suppression of the evidence found as a result is not required" (*People v Greene*, 9 NY3d 277, 280 [2007]). The court also properly refused to suppress statements that defendant made during a telephone conversation with the victim's mother that was recorded by the police. The statements were not obtained in violation of defendant's right to counsel because no formal proceedings had been commenced against defendant when the conversation was recorded, and it cannot be said that the matter had otherwise progressed from an investigatory to an accusatory stage (*see People v Samuels*, 49 NY2d 218, 221 [1980]; *see generally Kirby v Illinois*, 406 US 682, 688-690 [1972]; *People v West*, 81 NY2d 370, 373 [1993]). In addition, the statements were not obtained in violation of defendant's right against self-incrimination despite the failure of the victim's mother to inform defendant that the police were recording the conversation (*see People v Lee*, 277 AD2d 1006, 1007 [2000], *lv denied* 96 NY2d 785 [2001]; *People v Williams*, 242 AD2d 867 [1997], *lv denied* 91 NY2d 899 [1998]).

The pretrial motion of defendant seeking to preclude the People from presenting his notebook in evidence was time-barred (*see* CPL 255.20 [1]; *People v Hoffman*, 283 AD2d 928, 929 [2001], *lv denied* 96 NY2d 919 [2001]), and defendant failed to demonstrate good cause for failing to make that motion within 45 days after arraignment (*see* CPL 255.20 [3]; *People v McQueen*, 307 AD2d 765, 766 [2003], *lv denied* 100 NY2d 622 [2003]). In any event, defendant's contention lacks merit. In

support of his motion, defendant contended that the entries in the notebook fell within the scope of the attorney-client privilege, but defendant failed to establish that the attorney-client relationship existed at the time the entries were made or that the entries were made at the direction of defense counsel (*see generally People v Mitchell*, 58 NY2d 368, 373 [1983]). Defendant failed to preserve for our review his contention that the notebook was outside the scope of the search warrant, pursuant to which it was seized (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Hurlbutt, J.P., Martoche, Smith, Lunn and Peradotto, JJ.