# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

770

KA 10-00418

PRESENT: SMITH, J.P., CENTRA, FAHEY, GORSKI, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

NATHANIEL MYERS, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

NATHANIEL MYERS, DEFENDANT-APPELLANT PRO SE.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (CHRISTOPHER P. JURUSIK OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered February 16, 2010. The judgment convicted defendant, upon a nonjury verdict, of assault in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a bench trial of assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [1]) and, in appeal No. 2, defendant appeals from a judgment convicting him following the same bench trial of criminal contempt in the second degree (§ 215.50 [3]). Defendant failed to preserve for our review his contention in appeal No. 1 that the evidence is legally insufficient to establish that the victim, his ex-wife, sustained a physical injury to support the conviction of assault (*see People v Gray*, 86 NY2d 10, 19). In any event, that contention is without merit. A person is guilty of assault in the second degree when, "[w]ith intent to cause physical injury to another person, he [or she] causes such injury to such person . . . by means of a deadly weapon or dangerous instrument" (§ 120.05 [2]). Physical injury is defined as "impairment of physical condition or substantial pain" (§ 10.00 [9]). Here, the evidence presented at trial established that defendant struck the victim in the head with a glass liquor bottle, knocking her to the ground. The victim was bleeding from the wound and was taken to the hospital, where she received pain medication, a hematoma on her head was drained, and she received stitches. The victim described the pain after it occurred as "more

than ten" on a scale of 1 to 10.  She was prescribed a narcotic drug for pain relief, and she testified that she continued to have pain in the days that followed.  She returned to the hospital five more times for further treatment of her wound, and the wound has left a scar.  Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that there is a valid line of reasoning and permissible inferences that could lead a rational trier of fact to find beyond a reasonable doubt that the victim sustained a physical injury (*see People v Rojas*, 61 NY2d 726; *People v Krotoszynski*, 43 AD3d 450, 452-453, *lv denied* 9 NY3d 962; *People v Holmes*, 9 AD3d 689, 690-691, *lv denied* 3 NY3d 675).

Also with respect to appeal No. 1, viewing the evidence in light of the elements of the crimes of assault in the second degree and criminal possession of a weapon in the third degree in this bench trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence with respect to those crimes (*see generally People v Bleakley*, 69 NY2d 490, 495).  Contrary to defendant's contention, the testimony of the two main prosecution witnesses "was not incredible as a matter of law inasmuch as it was not impossible of belief, i.e., it was not manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v Harris*, 56 AD3d 1267, 1268, *lv denied* 11 NY3d 925; *see People v Thomas*, 272 AD2d 892, 893, *lv denied* 95 NY2d 858).

Defendant further contends with respect to appeal Nos. 1 and 2 that County Court erred in admitting in evidence three letters allegedly written by defendant to the victim and a recorded telephone conversation between defendant and the victim.  We reject that contention.  With respect to the letters, "[c]ircumstantial evidence may satisfy the requirement that a writing be authenticated before it may be introduced" (*People v Murray*, 122 AD2d 81, 82, *lv denied* 68 NY2d 916; *see People v Manganaro*, 218 NY 9, 13; *Thomas*, 272 AD2d at 893).  Although the victim testified that the letters were not in defendant's handwriting, the People established a sufficient foundation to admit the letters in evidence (*see Thomas*, 272 AD2d at 893).  "The letters refer to the crime [of assault] and the circumstances of the prosecution in terms that justify the inference that defendant wrote them" (*id.*; *see People v Bryant*, 12 AD3d 1077, 1079, *lv denied* 4 NY3d 761).  In addition, the victim testified that she knew that defendant was the author of the letters based on certain information in the letters, including the nicknames of both the victim and defendant (*see Bryant*, 12 AD3d at 1079; *Murray*, 122 AD2d at 82).  With respect to the recorded telephone conversation between defendant and the victim while defendant was incarcerated, the People established a sufficient foundation for its admission in evidence (*see People v Williams*, 55 AD3d 1398, *lv denied* 11 NY3d 901; *see generally People v Ely*, 68 NY2d 520, 527-528).  The victim identified the voice on the tape as defendant's voice, and she recalled the conversation.  In addition, the deputy in charge of maintaining the recording system at the jail described the procedure for recording telephone conversations and testified that the recording had not been altered in any way.  The People thus established " 'that the offered evidence [was] genuine and that there [had] been no tampering with it' "

(*Ely*, 68 NY2d at 527; *see People v Manor*, 38 AD3d 1257, 1258, *lv denied* 9 NY3d 847).

Defendant contends with respect to both appeals that he was denied effective assistance of counsel.  We reject that contention.  Insofar as he contends that defense counsel was ineffective in failing to seek a missing witness charge, we note that defendant failed to establish the absence of a legitimate explanation for defense counsel's failure to do so (*see People v Benevento*, 91 NY2d 708, 712-713; *People v Maryon*, 20 AD3d 911, 913, *lv denied* 5 NY3d 854).  Indeed, "[a]bsent proof that such witness would have provided noncumulative testimony which was favorable to [the prosecution], there was no basis for such a charge" (*People v Thomas*, 299 AD2d 942, 943, *lv denied* 99 NY2d 620 [internal quotation marks omitted]; *see generally People v Savinon*, 100 NY2d 192, 197).  Furthermore, contrary to defendant's contention, the fact that defense counsel made a general rather than a specific motion for a trial order of dismissal is of no moment where, as here, a specific motion would have had little or no chance of success (*see People v Hunter*, 70 AD3d 1388, 1389, *lv denied* 15 NY3d 751; *see generally People v Caban*, 5 NY3d 143, 152).  Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Finally, in his pro se supplemental brief defendant contends with respect to both appeals that the court violated *Crawford v Washington* (541 US 36) when it admitted in evidence at trial various documents and photographs, i.e., medical records of the victim, orders of protection, defendant's prior certificate of conviction, and photographs depicting the victim's injuries.  Defendant failed to preserve his contention for our review (*see* CPL 470.05 [2]), and it is without merit in any event.  Defendant has not identified any testimonial statements in the victim's medical records that he contends were admitted in violation of *Crawford*.  Inasmuch as the victim testified and was available for cross-examination, any statements attributed to her in the medical records would not violate defendant's right of confrontation under the Sixth Amendment to the United States Constitution.  In addition, the orders of protection were not testimonial in nature (*see People v Lino*, 65 AD3d 1263, 1264, *lv denied* 13 NY3d 940), and defendant's prior certificate of conviction also was not admitted in violation of *Crawford* (*see People v McCallie*, 37 AD3d 1129, 1130, *lv denied* 8 NY3d 987).  Finally, the photographs depicting the victim's injuries are demonstrative rather than testimonial evidence (*see generally Crawford*, 541 US at 51-53).

Entered:  August 19, 2011                          Patricia L. Morgan
                                                   Clerk of the Court