People v Brown (2018 NY Slip Op 07904)





People v Brown


2018 NY Slip Op 07904


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND CURRAN, JJ.


1193 KA 15-02111

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SPARTACUS BROWN, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (ELIZABETH RIKER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered September 14, 2015. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [3]), defendant contends that the verdict is against the weight of the evidence. Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject that contention (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant's contention is primarily based on alleged variances among the witnesses' testimony and between the testimony and the physical evidence. Any inconsistencies in the witnesses' testimony, however, "merely presented issues of credibility for the jury to resolve" (People v Ielfield, 132 AD3d 1298, 1300 [4th Dept 2015], lv denied 27 NY3d 1152 [2016]), and we conclude that, "notwithstanding minor inconsistencies in the testimony of the People's witnesses, there is no basis for disturbing the jury's determinations concerning credibility' " (People v Sommerville, 159 AD3d 1515, 1516 [4th Dept 2018], lv denied 31 NY3d 1121 [2018]; see People v McCallie, 37 AD3d 1129, 1130 [4th Dept 2007], lv denied 8 NY3d 987 [2007]).
By failing to object on the grounds raised on appeal, defendant failed to preserve for our review his contention that County Court's consciousness-of-guilt instruction to the jury impermissibly shifted the burden of proof (see CPL 470.05 [2]; People v Robinson, 88 NY2d 1001, 1001-1002 [1996]; People v Koberstein, 262 AD2d 1032, 1033 [4th Dept 1999], lv denied 94 NY2d 798 [1999]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
The sentence is not unduly harsh or severe.
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court