■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD CHEATHAM, Appellant.—Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered November 7, 1988, convicting defendant of criminal possession of a weapon in the third degree and sentencing him, as a second felony offender, to an indeterminate term of imprisonment of

from 3 to 6 years, unanimously modified, on the law and on the facts and in the exercise of discretion and in the interest of justice, to vacate the sentence and remand for resentencing and, except as so modified, affirmed.

The basis of defendant's status as a predicate felon was his conviction in New Jersey, on a plea of guilty, of theft "from the person of the victim", a felony in that State (NJ Stat Annot § 2C:20-2 [b] [2] [d]). Defendant argues that his New Jersey conviction is not based on an offense which, if committed in New York, would be a felony and that it thus does not qualify as a predicate felony for the purpose of sentencing him as a second felony offender. *(See, People v Sailor,* 65 NY2d 224, 237, *cert denied* 474 US 982.) While the analogous New York felony, grand larceny in the fourth degree (Penal Law § 155.30 [5]), requires a taking " 'from the *person* of another' " *(People v Asch,* 107 AD2d 941, 943 [emphasis in original]), the New Jersey statute, as judicially interpreted, is satisfied by the theft of property which is "within the immediate custody and control of the victim" *(State v Blow,* 132 NJ Super 487, 491, 334 A2d 341, 343, *cert denied* 68 NJ 152, 343 A2d 440; *State v Link,* 197 NJ Super 615, 485 A2d 1069, *cert denied* 101 NJ 234, 501 A2d 911). Therefore, we agree with defendant that the latter is incompatible with the former. *(See, People v Asch, supra,* at 943.) While the People urge that since defendant failed to argue this specific issue before the trial court he has not preserved the point, in view of his exception to the court's ruling that the New Jersey crime would be classified as a felony in New York, we reach the issue in the interest of justice.

The People also argue that the New York courts have found larceny "from the person of another" where the property taken was "appurtenant to or immediately next to the physical person of the victim". However, all of the cases which they cite involved physical contact between the victim and either the property taken or, at least, the article from which the property was taken *(see, People v Davis,* 71 AD2d 607; *People v Cunningham,* 73 AD2d 976; *People v Evans,* 131 AD2d 502). As we read the New Jersey cases, there is no similar requirement there. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Rubin, JJ.