■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRICE AUGUSTE, Appellant. [728 NYS2d 8] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered September 23, 1998, convicting defendant, after a jury trial, of grand larceny in the fourth degree (two counts) and criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to three concurrent terms of 2 to 4 years, unanimously modified, on the law, the facts and as a matter of discretion in the interest of justice, to the extent of reducing the conviction of grand larceny in the fourth degree under the first count of the indictment to petit larceny and reducing the sentence on that conviction to 1 year, and otherwise affirmed.

The evidence at trial established that defendant grabbed the undercover officer's purse as it was hanging off the back of the chair on which she was seated. However, when defendant took the purse, the officer was leaning forward and did not realize it was taken until she saw another undercover officer apprehend defendant. In light of these circumstances, there was no physical nexus between the officer and the purse. Therefore, defendant's conviction of grand larceny in the fourth degree under the first count of the indictment, which alleged a taking of property from the person of the victim pursuant to Penal Law § 155.30 (5), was not based on legally sufficient evidence, and was, in any event, against the weight of the evidence (*see, People v Cheatham,* 168 AD2d 258, 259; *compare, People v Haynes,* 91 NY2d 966). Accordingly, we reduce that conviction to petit larceny. Under the circumstances, there is no purpose to be served by remanding for resentencing.

Defendant's claim that the court erroneously failed to deliver an adverse inference charge with respect to the loss of the undercover officer's memo book is unpreserved for appellate review (*People v Whalen,* 59 NY2d 273), and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant was not prejudiced by the loss of

the memo book or the absence of an adverse inference charge (*see, People v Vasquez*, 88 NY2d 561, 577; *see also*, CPL 240.75). Concur—Williams, J. P., Lerner, Rubin, Saxe and Buckley, JJ.