# United States Court of Appeals
## For the First Circuit

No. 06-2379

ROBERT FOXWORTH,

Petitioner, Appellee,

v.

MICHAEL T. MALONEY,

Respondent, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Lynch, Circuit Judge,
Campbell and Selya, Senior Circuit Judges.

David M. Lieber, Assistant Attorney General, and Martha Coakley, Attorney General, on brief for appellant.
John M. Thompson and Thompson & Thompson, P.C., on brief for appellee.

January 24, 2008

**SELYA**, **Senior Circuit Judge**.   Applicants for habeas corpus relief often present an array of claims, some of which yield broader redress than others.   The king of habeas remedies is an order for unconditional release with prejudice to reprosecution. If the fact of the petitioner's prosecution (or any reprosecution upon the vacation of his conviction) would violate the Constitution, that relief will follow.   A paradigmatic example of this phenomenon is when jeopardy has attached and the evidence adduced at trial is found, upon collateral review, to be constitutionally insufficient to sustain the conviction.   See Burks v. United States, 437 U.S. 1, 18 (1978) (holding that "the Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient"); Fagan v. Washington, 942 F.2d 1155, 1157, 1160 (7th Cir. 1991) (granting unconditional release because the evidence at trial was insufficient and, thus, the Constitution barred a retrial).

A lesser (though still potent) habeas remedy is the vacation of the conviction and conditional release; this remedy requires the State to retry the petitioner, this time in a manner consistent with the Constitution, or else to release him.   See, e.g., Dugas v. Coplan, 428 F.3d 317, 342 n.37 (1st Cir. 2005); Ouber v. Guarino, 293 F.3d 19, 35 (1st Cir. 2002).   This appeal illustrates why a district court ordinarily should not bypass a

-2-

habeas claim for unconditional release simply because it has concluded that a new trial is warranted.

The background facts may be summarized succinctly. In 1992, a Massachusetts jury convicted the petitioner, Robert Foxworth, on a charge of second-degree murder. The Massachusetts Appeals Court affirmed his conviction in an unpublished opinion and the Supreme Judicial Court denied further review.

The petitioner then repaired to the federal district court. His habeas petition, 28 U.S.C. § 2254, raised three properly exhausted claims: (i) a claim that the admission at trial of a nontestifying codefendant's incriminatory statement violated his Sixth Amendment rights, see Bruton v. United States, 391 U.S. 123, 126 (1968); (ii) a claim that the use of an unreliable eyewitness identification violated due process, see Neil v. Biggers, 409 U.S. 188, 198 (1972); and (iii) a claim that, even with the eyewitness identification in the mix, the evidence was constitutionally insufficient to support the conviction, see Jackson v. Virginia, 443 U.S. 307, 319 (1979). If well-founded, the insufficiency claim promised to yield relief broader than--and indeed inconsistent with--conditional release.

The district court found that a Bruton error had compromised the verdict. It dispatched the petition with this bottom line: "Because petitioner is entitled to relief on the basis of his Bruton claim, it is unnecessary to consider his

additional claims concerning eyewitness identification and sufficiency of the evidence." The court then granted the petitioner's habeas corpus application and directed the Commonwealth "to retry [the] petitioner within sixty days or release him from custody."

The Commonwealth filed a timely notice of appeal, and the district court stayed its order pending resolution of this appeal. The petitioner moved to dismiss the appeal on the ground that the district court's order, which decided only the Bruton claim and left the other two claims open for future disposition, was not final and appealable. In this regard, the petitioner noted that the district court did not expressly direct the entry of a final judgment as to fewer than all of the claims asserted. See Fed. R. Civ. P. 54(b).

Although the petitioner has now withdrawn his motion to dismiss, we nevertheless test the jurisdictional hypothesis. See Charlesbank Equity Fund II v. Blinds to Go, Inc., 370 F.3d 151, 155-56 (1st Cir. 2004) (explaining that "[w]hen a colorable question exists, an appellate court has an unflagging obligation to inquire sua sponte into its own jurisdiction"). A final judgment ends the matter in dispute, leaving nothing to be done but the execution of the judgment. See Alstom Caribe, Inc. v. Geo. P. Reintjes Co., 484 F.3d 106, 111 (1st Cir. 2007). Here, all indications are that the district court considered its work

-4-

completed; it did not purport to release the petitioner conditionally while it mulled other matters but, rather, effectively returned the petitioner's case to the state court system, implicitly disposing of his two remaining claims as moot. Because that was a final judgment, we need not decide whether and how Rule 54(b) might apply in a habeas proceeding.[1]

This determination does no more than mark the launch of our odyssey: the question remains whether we need to address the implicit disposition of the due process and insufficiency claims. In part, this question is easily answered; in the present posture, the petitioner may be able to defend the granting of his habeas petition on the alternative ground that the admission of the eyewitness identification violated due process. See Beauchamp v. Murphy, 37 F.3d 700, 706 (1st Cir. 1994); see also InterGen N.V. v. Grina, 344 F.3d 134, 141 (1st Cir. 2003) (noting that "we sometimes affirm a district court's judgment even though we disavow its reasoning").

The insufficiency claim is cut from different cloth-- and that claim presents something of a conundrum. Ordinarily,

_____

[1]That question is not free from doubt. At least two of our sister circuits have applied Rule 54(b) in the habeas corpus context. See Clisby v. Jones, 960 F.2d 925, 936, 938 n.17 (11th Cir. 1992) (en banc); Stewart v. Bishop, 403 F.2d 674, 676-80 (8th Cir. 1968). Other courts of appeals have been less sanguine about the proposition. See, e.g., Sprosty v. Buchler, 79 F.3d 635, 645 (7th Cir. 1996); Blazak v. Ricketts, 971 F.2d 1408, 1411-12 (9th Cir. 1992); Young v. Herring, 777 F.2d 198, 201-02 (5th Cir. 1985). We leave the question for another day.

such a claim--which inherently calls for broader relief than was granted by the district court--would require a cross-appeal. See Young v. Herring, 777 F.2d 198, 200-01, 204-05 (5th Cir. 1985); see also 15B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3918.9, at 593-94 (1992) ("Upon appeal by the custodians, the prisoner should be allowed to cross-appeal to press a demand for greater relief."). But the petitioner has neither filed a notice of appeal nor requested a certificate of appealability, 28 U.S.C. § 2253(c), as to the implicit disposition of his insufficiency claim.

Even without a cross-appeal, interests of fairness and judicial economy counsel in favor of taking some action at this juncture. It would make little sense for us to pass upon the propriety of the ordered relief--a retrial--when broader relief, if granted, would obviate any need for doing so. Here, moreover, the district court has not explained why a decision on the merits of the insufficiency claim was "unnecessary." If it meant that the grant of a new trial gave the petitioner complete relief, we disagree; no habeas petitioner would willingly accept half a loaf (a retrial) if he were entitled to a full loaf (unconditional release). All in all, it would seem that the proper course is to remand the matter so that the district court can consider the insufficiency claim in the first instance.

We are fortified in this conclusion by the Commonwealth's prayer for relief in its opening brief, which--although suggesting that this be done later--acknowledges the need to remand the cause to the district court for a decision on the remaining grounds of the petition. The need for a remand being patent, we think that it is both fairer and more prudent to remand for further proceedings now rather than wait until the conclusion of this appeal (as the Commonwealth proposes). We explain briefly.

If the district court reverses the conviction on insufficiency grounds, a retrial may prove unnecessary. See Burks, 437 U.S. at 18. Given this possibility, the better practice is to err (if at all) on the side of preventing an unnecessary retrial. Cf. United States v. González-Sánchez, 825 F.2d 572, 588 (1st Cir. 1987) (proceeding to review a challenge to the sufficiency of the evidence although having previously found other grounds for reversal of the conviction). This is the course of prudence, and it is the course that most courts follow. See 5 Wayne R. LaFave et al., Criminal Procedure § 25.4(c), at 682-83 (1999); Wright & Miller, Federal Practice and Procedure, supra § 3918.7, at 561.

To be sure, the courts have differed as to whether this course represents a policy choice or a matter of constitutional command. Compare, e.g., United States v. Bobo, 419 F.3d 1264,

1268 (11th Cir. 2005) ("prudential rule"), with, e.g., Vogel v. Pennsylvania, 790 F.2d 368, 376 (3d Cir. 1986) ("double jeopardy rights").  We think it represents sound policy and, so, we adopt as a prudential rule the policy of requiring district courts in habeas cases to address preserved challenges to evidentiary sufficiency even though the conviction must be reversed in all events for trial error.  Cf. United States v. Miller, 952 F.2d 866, 874 (5th Cir. 1992) (explaining that it is "clearly the better practice for the appellate court on an initial appeal to dispose of any claim properly presented to it that the evidence at trial was legally insufficient"); United States v. Douglas, 874 F.2d 1145, 1150 (7th Cir. 1989) (noting policy of "routinely addressing evidentiary sufficiency in criminal cases" even if the conviction must be reversed for trial error).

Let us be perfectly clear.  Although we do not hold that the Double Jeopardy Clause compels the review of a properly preserved insufficiency claim before the petitioner is retried, see, e.g., Vogel, 790 F.2d at 376, we do hold that, as a prudential matter, such claims (or, for that matter, other habeas claims for unconditional release with prejudice to reprosecution) ordinarily should be decided in a timely manner.

For the reasons elucidated above, this matter is remanded for further proceedings on the insufficiency claim.  The district court is encouraged to consider the due process claim as

well.  When it has concluded its further proceedings, the court should enter a single omnibus judgment encompassing both its existing ruling on the <u>Bruton</u> claim and its new ruling(s).  The petitioner is, of course, free to abandon any of his remaining claims at any time.

There is one final point.  The petitioner recently has moved for admission to bail.  We shall not entertain the request, but it may be renewed before the district court on remand.  Given his favorable prospects for at least partial success and the length of time that his habeas petition has been pending, we think that the district court should give the request prompt and serious consideration, subject, of course, to the traditional mix of factors involved in such decisions, <u>see</u>, <u>e.g.</u>, <u>Hilton</u> v. <u>Braunskill</u>, 481 U.S. 770, 774-77 (1987), and to whatever arguments the Commonwealth may muster.

**So Ordered**.