**08-2016-cr**
**U.S. v. Thrower**

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

September Term, 2009

(Argued: September 11, 2009    Decided: October 14, 2009)

Docket No. 08-2016-cr

_____

UNITED STATES OF AMERICA,

*Appellee*,

–v.–

WILLIAM THROWER,

*Defendant - Appellant.*

_____

Before:

PARKER and WESLEY, *Circuit Judges*, RESTANI, *Judge*[*]

Appeal from an April 23, 2008 order of the United States District Court for the Eastern District of New York (Ross, *J.*), entering judgment on a jury verdict convicting the defendant for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and imposing the statutory minimum sentence of fifteen years

_____

[*]The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

imprisonment under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1).

AFFIRMED.

_____

NORMAN TRABULUS, New York, NY, *for Defendant - Appellant*.

AMANDA HECTOR, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, *of counsel*) *for* BENTON J. CAMPBELL, United States Attorney for the Eastern District of New York, *for Appellee*.

_____

PER CURIAM:

Defendant-Appellant William Thrower ("Thrower") appeals from a judgment entered on April 23, 2008, in the United States District Court for the Eastern District of New York (Ross, *J.*), after a jury verdict convicting Thrower of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), and appeals his statutory minimum sentence of fifteen years imposed under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). For the reasons stated below, the district court's order entering final judgment and sentencing determination are AFFIRMED.

**Background**

Thrower was indicted and charged with one count of violating 18 U.S.C. § 922(g)(1), which criminalizes the knowing possession of a firearm in and affecting commerce by an individual who has previously been convicted in any court of a crime punishable by a term of imprisonment exceeding one year. A jury convicted him of the charge.

At sentencing, the Probation Department provided a Presentence Investigation Report ("PSR") that listed Thrower's five previous felony convictions in New York state courts. Because of this criminal history, Probation recommended that Thrower's sentence be enhanced pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). The PSR did not designate which of Thrower's five previous felony convictions counted as predicate offenses for the purposes of the ACCA. The PSR also noted that Thrower's criminal history report indicated that he was granted a Certificate of Relief from Disabilities from the New York State Division of Parole, but the Probation Department failed to provide a copy of the document.

The court found that the ACCA enhancement applied to

Thrower and sentenced him to 15 years imprisonment, the statutory minimum. Thrower contests the enhancement, *inter alia*, arguing that he does not have the requisite number of offenses necessary to qualify for the ACCA. He claims that two of his offenses do not count because he received a Certificate of Relief from Disabilities that restored his civil rights, and that a third conviction — larceny in the fourth degree — does not qualify as a violent felony.[1] Because we find that New York's larceny in the fourth degree, specifically larceny from the person, N.Y. Penal Law §155.30(5), does qualify as a violent felony under the residual clause for purposes of the ACCA, Thrower has three

---

[1]Thrower also argues that he was unlawfully arrested in violation of the Fourth Amendment. We have reviewed this argument, and the additional arguments raised in his supplemental *pro se* brief, and find them to be without merit.

Thrower submitted a letter to the court that was received on September 28, 2009, seventeen days after oral argument. Attached to the letter was Thrower's *pro se* reply brief. Under Federal Rule of Appellate Procedure 31, a reply brief must be filed at least three days before argument. FED. R. APP. P. 31(a)(1). However, we may extend the time limits dictated by the rules for good cause. FED. R. APP. P. 26(b). We give *pro se* defendants wider latitude with procedural rules. *See In re Sims*, 534 F.3d 117, 133 (2d Cir. 2008). As a result, we accept the reply brief as part of the record. We have reviewed the brief, and the arguments therein, and find them to be without merit.

eligible convictions that support the district court's ACCA enhancement.  As a result, we need not reach the Certificate of Relief from Disabilities issue.

**Discussion**

The ACCA dictates a 15-year mandatory minimum sentence for a felon convicted of possessing a firearm when that felon has three previous convictions for violent felonies. 18 U.S.C. § 924(e)(1).  A "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).  A crime may qualify as a violent felony even if it does not have an element of physical force against another person as described in clause (i), or is not one of the enumerated offenses detailed in clause (ii).  To qualify, the crime must fit within the remaining language in clause (ii), "conduct that presents a serious potential risk of physical injury to another," known

as the residual clause. *Id*.

In order to fall within the residual clause, a crime must both "involve[] conduct that presents a serious potential risk of physical injury to another" and be "roughly similar, in kind as well as in degree of risk posed" to the enumerated offenses in the ACCA. 18 U.S.C. § 924(e)(2)(B)(ii); *Begay v. United States*, 128 S. Ct. 1581, 1585 (2008). Thrower has a previous conviction for grand larceny in the fourth degree under New York Penal Law § 155.30. The PSR does not specify under which subdivision of New York Penal Law § 155.30 Thrower was convicted. Thrower's plea colloquy indicates it was larceny from the person, falling within subdivision (5), meaning he "st[ole] property and . . . [t]he property, regardless of its nature and value, [wa]s taken from the person of another." N.Y. Penal Law § 155.30(5).

We may look to the guilty plea transcript to determine whether the conviction is a violent felony. *See Shepard v. United States*, 544 U.S. 13, 20 (2005). New York Penal Law § 155.30 has a number of subsections detailing conduct that qualifies as larceny in the fourth degree — including theft

of property worth over one thousand dollars and theft of secret scientific material — that on their face do not appear to qualify as violent crimes.  N.Y. Penal Law §§ 155.30(1), (3).  Because larceny in the fourth degree has subsections that potentially may not fit as violent felonies under the ACCA, we must determine if the subcategory of conduct to which Thrower pled qualifies as a violent felony. We look to the plea colloquy, then, not to analyze whether Thrower's specific conduct meets the violent felony requirements (an inquiry barred by *Taylor v. United States,* 495 U.S. 575, 600-02 (1990)), but instead to determine under which subsection his conviction falls.  Once we have determined the subsection in play, we look only to the elements of the offense itself without examining Thrower's specific conduct.  *James v. United States*, 550 U.S. 192, 202 (2007).

The government argues that larceny from the person qualifies under the residual clause.  This court has not yet addressed the question of whether larceny from the person qualifies as a violent felony, though seven sister circuits have answered in the affirmative.  *See, e.g. United States*

*v. Hawley*, 516 F.3d 264, 272 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 994 (2009); *United States v. Jennings*, 515 F.3d 980, 988 (9th Cir. 2008); *United States v. Strong*, 415 F.3d 902, 908 (8th Cir. 2005); *United States v. Smith*, 359 F.3d 662, 665 (4th Cir. 2004); *United States v. Howze*, 343 F.3d 919, 923-24 (7th Cir. 2003); *United States v. Payne*, 163 F.3d 371, 375 (6th Cir. 1998); *United States v. De Jesus*, 984 F.2d 21, 25 (1st Cir. 1993).

**1) Conduct presenting serious potential risk of physical injury to another**

In *Taylor*, the Supreme Court noted that "Congress singled out burglary (as opposed to other frequently committed property crimes such as larceny and auto theft) for inclusion as a predicate offense . . . because of its inherent potential for harm to persons." 495 U.S. at 588. The harm includes the "possibility of a violent confrontation" between the perpetrator and the victim, or a third party bystander or investigator. *Id*. Because of this possibility of confrontation, there is an assumption that the perpetrator is aware of the risk, and most likely is prepared to use violent means to escape or complete his

criminal objective.  *Id*.  This risk of confrontation alone is enough to qualify the offense for inclusion as a predicate offense.  *Id*.  It need not be present for every possible factual scenario covered by the conduct described in the elements of the offense.  *James*, 550 U.S. at 208.  An offense qualifies as a violent felony if "the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another."  *Id*.

Larceny from the person as defined by New York Penal Law § 155.30(5) requires the victim and perpetrator to be in very close proximity.  Under New York law, larceny from the person requires a physical nexus between the person and the property, meaning "physical contact between the victim and either the property taken or, at least, the article from which the property was taken."  *People v. Cheatham*, 168 A.D.2d 258, 259 (N.Y. App. Div. 1990); *see also People v. Auguste*, 283 A.D.2d 373, 373 (N.Y. App. Div. 2001) (finding theft of a purse from the back of a chair as insufficient physical nexus to support a conviction of fourth degree larceny).  Surely larceny that requires a physical nexus

between the victim and the property, as opposed to larceny generally, creates a risk of violent confrontation. The victim's presence is an element of the crime. This fact alone makes the risk of violence and struggle ubiquitous. Thus, in our view, larceny from the person meets the first prong of the inquiry required under the residual clause of the ACCA.

**2) Roughly similar to an offense enumerated in the ACCA**

In order to qualify, the offense must not only present a serious risk of physical injury, but must also be roughly similar to an enumerated offense in the ACCA. In *Begay v. United States*, the Supreme Court determined that a DUI conviction could not serve as a violent felony under the ACCA. 128 S. Ct. 1581 (2008). Although the offense certainly created a serious potential risk of physical injury to another, the Court found that a DUI was not similar in kind to the enumerated offenses. *Id.* at 1584, 1588. The Court noted that the offenses listed in the statute "all typically involve purposeful, violent, and aggressive conduct." *Id*. at 1586 (internal quotation marks omitted). The purpose of the statute was to address the

"special danger created when a particular type of offender —
a violent criminal or drug trafficker — possesses a gun."
*Id*. at 1587.  The Court read the residual clause of the
statute as limited to crimes that are "roughly similar, in
kind as well as in degree of risk posed, to the examples
themselves."  *Id*. at 1585.

Of the crimes enumerated in the ACCA, larceny from the
person most closely resembles burglary.  Burglary under the
ACCA is defined as "unlawful or unprivileged entry into, or
remaining in, a building or structure, with intent to commit
a crime."  *Taylor*, 495 U.S. at 599.  Burglary is considered
violent and aggressive because of the inherent potential for
harm to others.  Entering a building to commit a crime
creates the possibility of a violent confrontation with
someone in the building or someone who comes to investigate,
and the perpetrator's awareness of that risk may indicate
his willingness to use violence in order to accomplish his
unlawful objective or to escape.  *Id.* at 588.

Larceny from the person involves the same type of
conduct.  It is surely purposeful; the perpetrator must gain
control of the property by stealing it.  *See* N.Y. Penal Law

§ 155.30(5). The perpetrator must act "with intent to deprive another of property or to appropriate the same to himself or to a third person" and "wrongfully take[], obtain[] or withhold[]" the property from its owner. N.Y. Penal Law § 155.05(1). The perpetrator must have the requisite intent to take property wrongfully when he acts. *See People v. Green*, 5 N.Y.3d 538, 543 (N.Y. 2005). Thus, larceny is characterized by purposeful conduct.

Larceny from the person is as inherently violent and aggressive as burglary. Larceny from the person raises the possibility of a violent confrontation between the victim and perpetrator or someone who witnesses the offense. The perpetrator's purposeful theft from the victim also may indicate both his awareness of that risk and his willingness to use violence in order to commit the larceny or escape. Larceny from the person may, in fact, carry higher risk of confrontation than burglary. Burglary can occur without anyone other than the offender present, whereas larceny from the person requires the immediate presence of the victim.

Because it is defined by conduct that presents a serious potential risk of violence and is roughly similar to

burglary, larceny from the person meets both requirements for a violent felony under the residual clause of the ACCA. As a result, Thrower's conviction for larceny in the fourth degree qualifies as a predicate offense for purposes of the ACCA.

## Conclusion

The district court's order of April 23, 2008 entering final judgment and the district court's sentencing determination is hereby AFFIRMED.