UNITED STATES of America,
Appellee,

v.

Raphael RODRIGUEZ, Defendant–
Appellant.

No. 08–4968–cr.

United States Court of Appeals,
Second Circuit.

Nov. 5, 2009.

Yuanchung Lee, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY, for Defendant–Appellant.

Michael D. Maimin (Katherine Polk Failla, of counsel), Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: JOSEPH M. McLAUGHLIN and ROBERT A. KATZMANN, Circuit Judges, EDWARD R. KORMAN, District Judge.[1]

## SUMMARY ORDER

Defendant–Appellant Raphael Rodriguez appeals from a final judgment of conviction imposed September 25, 2008 (Stein, *J.*), sentencing him principally to 235 months' imprisonment. We assume the parties' familiarity with the facts and procedural history of this case.

On appeal, Rodriguez argues that his prior conviction for grand larceny in the fourth degree, which criminalizes larceny from the person,[2] does not constitute a violent felony under 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"). However, this argument is foreclosed by our recent opinion in *United States v. Thrower*, 584 F.3d 70 (2d Cir.2009), which held that larceny from the person is a violent felony under the residual clause of the ACCA. *See* 584 F.3d at 74–75.

Rodriguez also argues that the district court's instructions to the jury that the defendant was a "witness with an in-

---

1. The Honorable Edward R. Korman man of the United States District Court for the Eastern District of New York, sitting by designation.

2. New York Penal Law § 155.30 provides: "A person is guilty of grand larceny in the fourth degree when he steals property and when: ... (5) The property, regardless of its nature and value, is taken from the person of another."

terest in the outcome of this case," and that such a witness possesses a "motive to testify falsely," violate the presumption of innocence. In *United States v. Gaines,* 457 F.3d 238 (2d Cir.2006), we held that a trial court's jury instructions must not assume that a defendant is guilty. *Id.* at 246. The charge in question read: "Obviously, the defendant has a deep personal interest in the result of his prosecution. This interest creates a motive for false testimony and, therefore, the defendant's testimony should be scrutinized and weighed with care." *Id.* at 242. Our problem with the charge was not that it was necessarily inaccurate, but that it "undermines the presumption of innocence." *Id.* at 246. As we explained,

> [A] defendant does not always have a motive to testify falsely. An innocent defendant has a motive to testify truthfully. As the government candidly acknowledged at oral argument, the district court's charge that Gaines's "interest create[d] a motive for false testimony" was true only if Gaines was, in fact, guilty.

*Id.* We therefore "denounce[d] any instruction ... that tells a jury that a testifying defendant's interest in the outcome of the case creates a motive to testify falsely," *id.,* and specifically "direct[ed] district courts in the circuit not to charge juries that a testifying defendant's interest in the outcome of the case creates a motive to testify falsely," *id.* at 247. *See also United States v. Brutus,* 505 F.3d 80, 87–88 (2d Cir.2007) ("Simply stated, an instruction that the defendant's interest in the outcome of the case creates a motive to testify falsely impermissibly undermines the presumption of innocence because it presupposes the defendant's guilt. . . . [I]f the defendant has testified, the charge should tell the jury to evaluate the defendant's testimony in the same way it judges the testimony of other witnesses.").

In this case, the district court instructed the jury to "[t]ake into account any evidence that a witness who testified may benefit in some way from the outcome of the case. Such an interest creates a motive to testify falsely." Three pages later, the district court instructed, "You should examine and evaluate [the defendant's] testimony just as you would the testimony of any witness with an interest in the outcome of this case." No other witness was identified as one with an interest in the outcome of the case.

Even if this charge, when viewed in its entirety, did run afoul of *Gaines* and *Brutus* and undermine the presumption of innocence, reversal would not be appropriate. Because there was no objection to the charge at trial, we review for plain error. According to the Supreme Court, "reversal is required where there is (1) unpreserved error, that (2) is plain; (3) affects a substantial right; and (4) seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Zvi,* 168 F.3d 49, 58 (2d Cir.1999) (quoting *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). We need not reach prongs one through three because the jury instruction in this case in no way caused a miscarriage of justice when viewed in the context of the entire trial. *See id.* Therefore, for the foregoing reasons, the judgment of the district court is AFFIRMED.