■ The People of the State of New York, Respondent, v Allen Mack, Appellant. [956 NYS2d 879]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered November 30, 2010, as amended March 7, 2011, convicting defendant, after a jury trial, of two counts of grand larceny in the fourth degree, and sentencing him to concurrent terms of two to four years, unanimously affirmed.

Defendant did not preserve his claim that his conviction under a count charging larceny from the person of another (Penal Law § 155.30 [5]) was based on legally insufficient evidence, or his related claim concerning the court's charge, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. Since the statute does not contain any element regarding the victim's mental state, the People are not required to prove that the victim of a larceny from the person was aware of the theft. This statute has commonly been applied to thefts from sleeping or otherwise unconscious victims (*see e.g. People v Taylor*, 114 AD2d 478 [2d Dept 1985], *lv denied* 67 NY2d 890 [1986]). Whether a victim was able to feel something being taken may have some evidentiary significance in a case where there is an issue of whether the victim was in physical contact with the property (*see People v Haynes*, 91 NY2d 966 [1998]; *People v Auguste*, 283 AD2d 373 [1st Dept 2001]). Here, there was no such issue. The police saw defendant cut the sleeping victim's pocket and remove his wallet, while defendant's accomplice took a backpack that was leaning against the victim.

We have considered and rejected defendant's pro se claims. Concur—Tom, J.P., Andrias, Freedman, Román and Gische, JJ.