— Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered December 14, 2010, as amended January 5, 2011, convicting defendant, after a jury trial, of two counts of grand larceny in the fourth degree and sentencing him, as a second felony offender, to concurrent terms of two to four years, unanimously affirmed.
Defendant did not preserve his contention that his conviction under a count charging larceny from the person of another (Penal Law § 155.30 [5]) was based on legally insufficient evidence, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. Defendant’s claim is essentially similar to a claim this Court rejected, in an alternative holding, on the codefendant’s appeal (People v Mack, 102 AD3d 438 [1st Dept 2013], lv denied 21 NY3d 945 [2013]). To the extent defendant is raising any arguments not raised by the codefendant, we find them unavailing. The evidence clearly established that the victim was in physical contact with the property, in that, as we have already observed, defendant “took a backpack that was leaning against the victim” (id.).
Defendant’s challenge to police testimony regarding “lush workers” is likewise unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the court properly exercised its discretion in admitting limited, nonprejudicial background testimony about the pickpocketing methods of “lush workers” who target sleeping victims on trains *576 and in train stations (see e.g. People v Perez, 16 AD3d 191 [1st Dept 2005], lv denied 4 NY3d 855 [2005]; People v Right, 180 AD2d 430 [1st Dept 1992], lv denied 79 NY2d 952 [1992]).
We perceive no basis for reducing the sentence. Concur— Friedman, J.E, Renwick, Freedman and Feinman, JJ.