People v Carter (2019 NY Slip Op 07548)





People v Carter


2019 NY Slip Op 07548


Decided on October 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2019

Renwick, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10166 4883/15

[*1] The People of the State of New York, Respondent,
v
Frederick Carter, Defendant-Appellant.


Justine M. Luongo, The Legal Aid Society, New York (David Crow of counsel), and Malvina Nathanson, New York, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Hope Korenstein of counsel), for respondent.



Judgment, Supreme Court, New York County (Anthony J. Ferrara, J.), rendered March 23, 2017, as amended June 14, 2017, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and attempted grand larceny in the fourth degree, and sentencing him, as a second felony offender, to an aggregate term of 3½ to 7 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The evidence established that defendant possessed a razor "with intent to use it unlawfully against another" (Penal Law § 265.01[1]) when he used it to cut the sleeping victim's pocket in order to effectuate a larceny, thus using it "against another," that is, against the clothed person of the victim. Defendant's arguments to the contrary are similar to arguments this Court rejected on a separately tried codefendant's appeal (People v Brown, 164 AD3d 1180 [1st Dept 2018], lv denied 32 NY3d 1169 [2019]), and we find no reason to reach a different result.
The court properly responded to a jury note when, after rereading the statutory elements and the requirement of proof beyond a reasonable doubt, it effectively charged the jury that the use of a razor as a tool to cut the victim's pocket would satisfy the "against another" requirement. This was in accordance with law, as this Court articulated on the codefendant's appeal (164 AD3d at 1180). The court also correctly informed the jury that clothing actually being worn is considered part of one's "person" (see People Cheatham, 168 AD2d 258 [1st Dept 1990]). Neither of these instructions usurped the jury's fact-finding function.
The challenged portions of the prosecutor's summation do not warrant reversal. To the extent the comments at issue could be viewed as shifting the burden of proof, any prejudice was avoided by the court's thorough curative instructions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2019
CLERK