**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2718

_____

UNITED STATES OF AMERICA

v.

CUSHMIR McBRIDE,

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:21-cr-00173)
District Judge: Honorable Joshua D. Wolson

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on September 18, 2025

Before: BIBAS, MONTGOMERY-REEVES, and AMBRO, *Circuit Judges*

(Opinion Filed  September 23, 2025)

———————

OPINION*

———————

AMBRO, *Circuit Judge*

Cushmir McBride pled guilty to several offenses related to ATM robberies. The District Court imposed 90 months' incarceration, which it calculated using criminal history category II. McBride appeals, arguing that the District Court should have granted his motion for a downward departure or variance and relied instead on criminal history category I. We lack jurisdiction to address McBride's departure claim, and the District Court did not abuse its discretion in denying a downward variance. We thus dismiss and affirm, respectively.

**I**

From October 2020 to March 2021, McBride and his coconspirators broke into and robbed several ATMs in Philadelphia and Delaware. He was charged with one count of conspiracy to maliciously damage property used in interstate commerce by means of an explosive, 18 U.S.C. § 844(n), and six counts of both maliciously damaging property used in interstate commerce by means of an explosive, 18 U.S.C. § 844(i), plus aiding and abetting the same, 18 U.S.C. § 2(a) and (b). He pled guilty to six of the seven counts.[1]

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] One count of maliciously damaging property and aiding and abetting related to conduct occurring in Delaware. That count was dismissed for want of proper venue in the Eastern District of Pennsylvania.

Based on McBride's criminal history—a juvenile adjudication for harassment and disorderly conduct and an adult adjudication for driving under the influence—the District Court put him in criminal history category II. Together with a total offense level of 23, that resulted in a Guideline sentencing range of 51-63 months. U.S.S.G. § 5A. However, 18 U.S.C. § 844(i), maliciously damaging property used in interstate commerce by means of an explosive, carries a statutory minimum sentence of 60 months, amending the Guideline range to 60-63 months. The District Court subsequently determined that McBride's offenses warranted an upward variance to an offense level of 28, again amending the Guideline range, this time to 87-108 months. U.S.S.G. § 5A. McBride did not challenge the offense level then, nor does he in this appeal. Instead, he moved for a downward departure or variance, seeking a downgrade from criminal history category II to category I. Such a change would have brought the Guideline range to 78-97 months. *Id.* He contended that category II overstated his criminal history and propensity to re-offend.

The District Court denied McBride's motion for a downward departure. When considering a downward variance, the Court acknowledged that "the criminal history here isn't terrible" and might "slightly overstate the history of danger that he poses." App. 123. But it ruled that the history showed a pattern of escalation that weighed against the imposition of a downward variance. As a result, it imposed a sentence of 90 months, which falls within the Guideline range for both criminal history categories I and II. McBride timely appeals to us.

## A. Departure

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction to review the District Court's final order under 28 U.S.C. § 1291. "We cannot, however, review [its] refusal to grant a downward departure [based on the criminal history category] unless the record reflects that [it] was not aware of or did not understand its discretion to make such a departure." *United States v. Grier*, 585 F.3d 138, 141 (3d Cir. 2009) (internal quotation marks and citation omitted).

Here, the District Court expressly considered and rejected McBride's request for a downward departure based on the overstatement of his criminal history. This demonstrates that it was aware of and "under[stood] its discretion to make [] a departure," *see Grier*, 585 F.3d at 141, and indeed it understood and considered McBride's arguments. Its decision is therefore not reviewable, so we lack appellate jurisdiction to address McBride's departure claim and dismiss that portion of his appeal. *See id.*

## B. Variance

Our appellate review of sentences imposed by district courts "proceeds in two stages." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). "It begins by 'ensur[ing] that the [D]istrict [C]ourt committed no significant procedural error.'" *Id.* (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)) (first alteration in original). In the absence of procedural errors, we next consider the substantive reasonableness of the sentence, *id.*, which we review for abuse of discretion, *United States v. Wise*, 515 F.3d

4

207, 218 (3d Cir. 2008).[2] "[I]f the [D]istrict [C]ourt's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the [D]istrict [C]ourt provided." *Tomko*, 562 F.3d at 568. "[T]he touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *Id.* (internal quotation marks and citations omitted).

The District Court explicitly considered the § 3553(a) factors and thoroughly explained its application of each. When assessing the imposition of a downward variance, it discussed McBride's contention that criminal history category II overstated his criminal history. But the Court disagreed. Its reasons for denying McBride's requested downward variance, and for the sentence it ultimately imposed, are logical and consistent, and they faithfully apply the factors set forth in § 3553(a). The District Court therefore did not abuse its discretion.

\*     \*     \*

We dismiss in part and affirm in part. McBride's sentence thus stands.

---

[2]  McBride asserts that the standard of review is plain error. But he raises a substantive reasonableness challenge on a ground previously asserted before the District Court. Under *Wise*, 515 F.3d at 218, the applicable standard is abuse of discretion.